JAMES BELLINO *vs.* COLUMBUS CONSTRUCTION COMPANY.

Suffolk.     March 17, 1905. — June 21, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & HAMMOND, JJ.

*Negligence.  Proximate Cause.  Actionable Tort.*

In an action for the destruction by fire of a temporary building and goods of the plaintiff therein through the alleged negligence of the defendant, it appeared that the defendant was a corporation engaged in the construction of a public work, and that the plaintiff had procured Italian laborers for the defendant's service and had erected the temporary building on land of another person near the work, fitted it with bunks for the workmen to sleep in, and in a part of it kept goods which by an agent he sold to the workmen, that as winter came on the men required a stove and the defendant's foreman, either with or without the knowledge and assent of the plaintiff, put in a stove in which the workmen built fires for themselves with fuel of the defendant, that about one hundred feet away from the temporary building was a storehouse of the defendant in which barrels of oil and gasoline were kept, used by the workmen for filling torches which they required for work in a tunnel, that the workmen helped themselves to the gasoline to use in kindling fires in the stove, and in so using it caused the fire which destroyed the plaintiff's property.  It further appeared that the defendant's foreman had told the plaintiff's agent that he must stop the kindling of fires with gasoline and directed the employee in charge of the gasoline to prevent the workmen from getting it to use in the stove.  *Held,* that, assuming that the act of the defendant's foreman in putting in the stove was not

assented to by the plaintiff and might be treated as an uncondoned trespass, this was the remote and not the proximate cause of the destruction of the plaintiff's property by fire, and that if the defendant was negligent in keeping the gasoline in barrels in a storehouse one hundred feet away and not under lock and key, this also was not the direct cause of the plaintiff's loss, the wrongful act of the workmen in taking the gasoline and their subsequent negligence in its use having intervened.

BARKER, J.   The plaintiff procured Italian laborers for the service of the defendant, a corporation engaged in the construction of a public work at Weston.   He had erected a temporary building on land of another person near the locality of the work. In a part of this building he kept goods which by an agent he sold to the laborers.   The rest of the building was fitted with bunks for sleeping places and was occupied by the laborers for the use of which they paid him.   When cold weather came they demanded a fire to heat their quarters, and threatened to quit work unless a stove and fuel were furnished.

One Keefe was the defendant's foreman.   He requested the plaintiff's agent to provide a stove to keep the laborers comfortable, and the agent promised that he would write to the plaintiff and when he heard from him would get a stove.   Some days later Keefe told the agent that unless the stove was put in he Keefe himself would order it, give it to the men and let them set it up.   To this the agent objected and told Keefe that he had no right to put in a stove without the permission of the plaintiff.   Finally Keefe procured a stove and had it set up by a carpenter and thereafter furnished the laborers with coal and wood and they constantly kept up a fire, themselves making the fires and helping themselves to the defendant's wood and coal. There was no zinc under the stove and the floor of the building was of wood with wide cracks between the boards.

About one hundred feet away the defendant had a storehouse in which barrels of oil and gasoline were kept but not under lock and key, and to which the laborers had access for the purpose of filling torches which they used to give light by which to work in a tunnel.   The laborers who built the fires frequently helped themselves to the gasoline and used it in kindling fires in the stove.   Keefe became aware of this and called the attention of the agent to it and told him he must stop it, but did nothing to secure the gasoline, although he notified the employee in

charge of the gasoline to prevent the laborers from getting it to use in the stove. The plaintiff's agent knew that the men were lighting the fires with the gasoline but it did not appear that he tried to prevent its use.

Some three weeks after the stove had been set up, as a laborer was kindling the fire, there was an explosion of gasoline; a few drops fell on the floor and a fire ensued which consumed the building and the plaintiff's goods therein.

The case was sent to an auditor who found that the loss caused to the plaintiff by the fire was $1,622.64, but after stating in his report that and other facts, found for the defendant. Thereafter the case was tried by a judge of the Superior Court without a jury. The auditor's report was read. The defendant admitted that the plaintiff himself was in New York, continuously from November 5 to November 18, the fire having occurred on November 22. The plaintiff testified to his whereabouts from November 18 to November 23, and his evidence tended to show that he was not at Weston after the stove was set up and before the fire. The auditor having stated in his report that after the stove was set up Keefe had an interview with the plaintiff at which he informed the plaintiff that repeated efforts had been made to get a stove for the men and had stated to him what action he had taken in the matter the plaintiff said " it was all right " and having also reported that the plaintiff must have known that the stove had been set up and must have seen it, the plaintiff further testified that he never had any conversation with Keefe about the stove. This with the auditor's report was all the material evidence at the trial. The presiding judge found for the defendant and reported the case for the determination of this court.

It is plain that from the auditor's report as evidence, notwithstanding the defendant's admission at the trial that the plaintiff was in New York from the fifth to the eighteenth of November and the plaintiff's testimony that he never had any conversation with Keefe about the stove, the judge may have found that the plaintiff knew that the stove had been put in and had assented that Keefe's actions in the matter were satisfactory to him. This of itself would seem to be enough to require us to order judgment to be entered for the defendant on the finding in its favor.

But assuming that Keefe's act in putting in the tove was an uncondoned trespass a majority of the court are of opinion that the plaintiff cannot recover.   The putting in of the stove for the use of the laborers did not of itself cause the destruction by fire of the plaintiff's building and goods.   The possibility that the laborers in using the stove might negligently set the building on fire was too remote a contingency to render the defendant liable for it as a natural consequence of the trespass.   See *Hawks* v. *Locke,* 139 Mass. 205, 208, and cases cited.

Nor would the facts that the defendant kept gasoline in barrels in a storehouse one hundred feet away and not under lock and key, and that the laborers without right helped themselves to the gasoline and by negligently using it burned the building and goods, make the defendant responsible.   A wrongful act of the laborers against which Keefe had provided by his warning to the plaintiff's agent, as well as by his orders to the defendant's employee in charge of the storehouse, and the subsequent negligence of the laborers themselves in using the misappropriated gasoline both intervened between the keeping of the gasoline in an unlocked storehouse and the loss to the plaintiff.   It was not under all the circumstances imperative upon the judge to find that it was negligence on the part of the defendant to keep gasoline in an unlocked storehouse.   Nor, if he found that so to keep it was wanting in due care, was it imperative upon him to find that according to the usual experience of mankind the taking of the gasoline and its negligent use by the laborers ought to have been anticipated as probable.   *Stone* v. *Boston & Albany Railroad,* 171 Mass. 536.   *Glassey* v. *Worcester Consolidated Street Railway,* 185 Mass. 315.

It is not contended that the laborers when kindling the fire were acting within the scope of their employment as servants of the defendant.

*Judgment for the defendant on the finding.*

*H. J. Jaquith,* for the plaintiff.

*C. G. Bancroft,* for the defendant.