## Gralka v. Worth Bros. Company, Appellant.

*Negligence—Infants—Dynamite—Explosion—Evidence — Judgment for defendant n. o. v.*

In an action to recover damages for personal injuries sustained by plaintiff, a seven year old child, in consequence of the explosion of dynamite alleged to have been negligently left by defendant's servants in an open shanty in which plaintiff and his companions were playing, the court erred in refusing defendant's mo-

tion for judgment n. o. v., where it appeared that the explosion, which occurred in January, 1913, was caused by dynamite left in a paper box; that prior to June, 1912, defendant company had used dynamite in constructing a road beside which the shanty was built, and during that month dynamite in a wooden box was seen in the shanty by defendant's servants; that between June, 1912, and the date of the accident, dynamite had not been used by the defendant and there was no evidence to connect the dynamite seen in the wooden box in June, 1912, with the dynamite which caused the accident; where it further appeared that the shanty was frequented by children and other persons not in the defendant's employ.

Argued April 2, 1914. Appeal, No. 76, Jan. T., 1914, by defendant, from judgment of C. P. No. 2, Philadelphia Co., March T., 1913, No. 245, on verdict for plaintiffs in case of Emil Gralka, by his Father and Next Friend, Adolph Gralka, and Adolph Gralka v. Worth Brothers Company. Before BROWN, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Reversed.

Trespass to recover damages for personal injuries. Before STAPLES, P. J., specially presiding.

The opinion of the Supreme Court states the facts.

Verdict for Emil Gralka for $3,000, and for Adolph Gralka for $500, and judgment thereon. Defendant appealed.

*Errors assigned,* among others, were in refusing to direct a verdict for defendant, and to enter judgment for defendant n. o. v.

*John G. Johnson,* with him *Henry P. Brown,* for appellant, cited: Lonzer v. Lehigh Val. R. Co., 196 Pa. 610; Keiser v. Lehigh R. R. Co., 212 Pa. 409; Schley v. R. R. Co., 227 Pa. 494; Cohen v. Transit Co., 228 Pa. 243; Walters v. Bridge Co., 234 Pa. 7; Shannon v. Knight of the Maccabees, 54 Pa. Superior Ct. 634; Henderson v. R. R., 144 Pa. 461; Carpenter v. Miller, 232 Pa. 362; Thompson v. R. R., 218 Pa. 444; Leithold v. R. R., 47 Pa.

Superior Ct. 137; Gillespie v. McGowan, 100 Pa. 144; Gillis v. R. R., 59 Pa. 129; Breckenridge v. Bennett, 7 Luzerne L. R. R. 95.

*William T. Connor,* with him *John R. K. Scott,* for appellees, cited: Finkbeiner v. Solomon, 225 Pa. 333; Loughlin v. Penna. R. R. Co., 240 Pa. 174; Powers v. Harlow, 53 Michigan 507; Nelson v. McClellan, 31 Wash. 208; Mattson v. Railroad Co., 95 Minn. 477; Olson v. Investment Co., 108 Pacific Rep. 140; Crabb v. Wilkins, 109 Pacific Rep. 807; Tibbitts v. Spokane, 117 Pacific Rep. 397; Vills v. Cloquet, 119 Minn. 277; Victor v. Smilanich, 54 Colo. 479; Henderson v. Refining Co., 219 Pa. 384; Millum v. Coal Co., 225 Pa. 214; Penna. Railroad Co. v. Wise, 87 Pa. 447; Speer v. Railroad Co., 119 Pa. 61; Brunner v. Telephone Co., 151 Pa. 447; Dormer v. Paving Co., 16 Pa. Superior Ct. 407; Devlin v. Electric Co., 198 Pa. 583; Rauch v. Smedley, 208 Pa. 175; Heh v. Gas Co., 201 Pa. 443; Moon v. Matthews, 227 Pa. 488; Kurtz v. Tourison, 241 Pa. 425; Parker v. Matheson Motor Car Co., 241 Pa. 461.

OPINION BY MR. JUSTICE BROWN, May 22, 1914:

Worth Brothers Company is a corporation owning and operating blast furnaces and rolling mills at Coatesville, this State. On January 18, 1913, several boys went into a shanty owned by the company and found a box of dynamite in it. They took a portion of this up to the side of a hill, where they built a fire, and one of them threw some of the dynamite into it. As a result of the explosion that followed Emil Gralka, one of the boys—then seven years of age—lost an eye. From the judgments recovered by him and his father against the defendant company—found by the jury to have negligently left the dynamite in the shanty—it has appealed.

The burden was upon the plaintiff below, who sued for himself and his injured son, to show by competent testimony that the defendant had been guilty of the negli-

gence with which he charged it. The averment upon which he relied in asking for the recovery of damages was that it had negligently permitted dynamite to be in its shanty on January 18, 1913, and for a long time prior thereto, and that the injuries sustained by his son had resulted from this negligence. The shanty was open and accessible to the boys, and if the dynamite which they found in it had been put or left there by the defendant, or by one of its employees in the course of his employment, or had been allowed to remain in the building by the defendant after knowledge that it was there, the charge of negligence would have been sufficiently proved. In passing upon the contention of learned counsel for appellant, that a verdict ought to have been directed in its favor, the first inquiry must be as to the sufficiency of the proof submitted by the plaintiff in support of his averment of the negligence of the defendant, without regard to what it may have shown by way of defense.

In the spring of 1912 the defendant company constructed a road through a part of its property, and, in the construction of the same, it was necessary to use dynamite for blasting purposes. George Shamonski, called by the plaintiff, testified that he had acted as a labor boss for the defendant in the construction of the road; that he left its employment in June, 1912; that all of the blasting was over at that time, and that seven or eight days before he left he saw a little wooden box in the shanty containing dynamite. Another witness, a former employee of the defendant, called by the plaintiff, testified that all of the blasting had been done in the spring of 1912. There is no testimony that any dynamite was ever seen in the shanty from June, 1912, down to January 18, 1913, nor was there any testimony that, during that interval, the defendant company had used dynamite for any purpose whatever. The boy who found the dynamite in the shanty on January 18, 1913, testified that it was in a paper box, and the case went to the jury under the following instruction: "How will you

reconcile the dynamite that was found in the paper box with the dynamite that was left there in June, 1912, if you believe the latter was in a wooden box? That, to the mind of the court, is one of the important questions for you to consider in this case; and unless you can reconcile it, and unless you can find from the testimony, not outside of the testimony, but from the testimony, as to the difference in the receptacles these two boxes of dynamite were in, some way to account for the transfer of this dynamite from a wooden box into a paper box, your verdict must be in favor of the defendant, and that would be an end of the case and it would be unnecessary for you to further consider the case in any aspect whatsoever." The jury were thus given to understand that the only evidence of the defendant's negligence was the testimony of Shamonski as to the presence of dynamite in the shanty in June, 1912, and were permitted to find that what he then saw there in a little wooden box was what the boys found seven months later in a paper box. A license was thus given the jury to guess that the defendant had been negligent, and that this was error is most manifest in view of other testimony submitted by the plaintiff. For six or seven months prior to January 18, 1913, the shanty, which was unfenced, along a public road, had been empty at all times. Children, in playing around it, went in and out of it, using it as a playhouse. Others went to it as a loafing or resting place, and negroes frequented it in shooting crap. The testimony as to this is thus correctly summed up by the learned trial judge in his charge: "It appears from the very testimony on the part of the plaintiffs in this case, that this shanty was open; that it was used as a common resort by children, playing there, by men taking their lunches there, and by negroes and others going into it as a place for loafing or resting; and that it was in that condition for a period of from six to seven months, from the time Shamonski said he saw the dynamite there to the time this accident happened to these boys. Besides,

it was along a public road, as we remember it, at about
the intersection of two roads called Ercildon Road and
Modena Road."

The mere finding of the dynamite in the shanty on
January 18, 1913, was not in itself, under the circum-
stances stated, evidence that the defendant was respon-
sible for its being there.   Indeed, we do not understand
that learned counsel for appellee so contend.   How it
got into the shanty does not appear, but it does appear
that for months that building, with its doors and win-
dows at all times open, had been frequented by all sorts
of people.   Some of them may have carried the dyna-
mite into it; but whether this be so or not is not the
question in the case.   It was upon the plaintiff to show
that the defendant had put or left it there, and the only
evidence in support of this material fact was that, in the
preceding spring, the appellant had used dynamite for
blasting purposes in the vicinity of the shanty, and that
seven months before the boys went into it one of its em-
ployees had seen in it a little wooden box containing
dynamite.   The dynamite which the boys found long
afterwards—on January 18, 1913—was in a paper box,
and the boy who found it—fifteen years of age when he
testified, less than a year afterwards—admitted that he
had never seen it before that day, though he had been in
the shanty only the day before; and he further said, in
reply to a question put to him by the court, that if it had
been in the shanty on the previous day he would have
seen it.

After the most careful review of all the testimony sub-
mitted by the plaintiff, we can find nothing in it which
justified the finding that the dynamite which was in a
little wooden box in the shanty in June, 1912, was the
same that was found by the boys in a paper box in the
following January.   In this connection it may be proper
to say that it nowhere appears, as counsel for appellee
state in their printed argument, that after the accident
the appellant claimed as its own the dynamite left in the

shanty by the boys. The first assignment of error is sustained, the judgment is reversed and is here entered for the defendant.