## Coleman Mining Company v. Straight Creek Coal & Coke Company, et al.

### (Decided May 12, 1916.)

### Appeal from Bell Circuit Court.

Landlord and Tenant—Subsequent Lease—Term of.—When a lessor stipulates in a lease that if, during the life of the lease, he gives another lessee more favorable terms than are given in the

lease in which such stipulation is made, then the lessee therein shall be given the same advantages, does not prevent the lessor from giving another lessee more favorable terms, but obligates him, that if he does give another lessee more favorable terms, he will give to the first mentioned lessee the same terms, if he desires them, but he is not obligated to give the terms to the first mentioned lessee, except upon the same conditions upon which they are given to the other lessee.

METCALFE & JEFFRIES for appellant.

LOGAN & BABBAGE, D. B. LOGAN, HELM & HELM and KOHN, BINGHAM, SLOSS & SPINDLE for appellee, Straight Creek Coal & Coke Co.

JAMES M. GILBERT for appellee, Continental Coal Corporation.

OPINION OF THE COURT BY JUDGE HURT.—Affirming.

This is an appeal by the appellant, Coleman Mining Company, which is a corporation organized under the laws of the state of Kentucky, from a judgment of the Bell circuit court against it and in favor of the appellees, Straight Creek Coal & Coke Company, a corporation organized under the laws of Kentucky, and the Continental Coal Corporation, a corporation which was organized under the laws of the state of Wyoming. The essential facts, which are necessary to be stated, and which led up to the rendition of the judgment complained of, are as follows:

. The appellee, Straight Creek Coal & Coke Co., in 1905, was the owner of a considerable body of coal and timber lands, situated upon and near to the waters of Straight Creek, in Bell county, which its management was anxious to have developed. In the latter part of the year 1905, negotiations began between it and appellant looking to the making of a contract with appellant, by which it would lease to appellant a body of land upon the left fork of Straight Creek for coal mining purposes, and about the same time negotiations were opened between the Straight Creek Coal & Coke Company and the Big Hill Coal Company, for the purpose of leasing to the latter company other lands for coal mining purposes. The terms having been agreed upon between appellant and the Straight Creek Coal & Coke Company, a contract for a lease was executed and delivered by both parties to it on the 12th day of January, 1906, by which the Straight

Creek Coal & Coke Company leased to appellant five hundred acres of land upon the left fork of Straight Creek, for a term of twenty-five years, for coal mining purposes. The written contract contained twenty-eight separate paragraphs, which set forth all the terms and conditions of the contract, and defined the rights of each party under the lease. Among the other terms of the contract was that embraced in the twenty-seventh paragraph, which was as follows:

"If any more favorable terms are given to other lessees during the life of this lease, then said lessee herein mentioned shall be given the same advantages."

The Straight Creek Coal & Coke Company and the Big Hill Coal Company, as stated above, were negotiating a contract at the same time that the negotiations were going on between appellant and the Straight Creek Coal & Coke Company, and the terms of a contract, tentatively agreed upon between them and the written lease prepared previous to the consummation of the contract which appellant entered into, but the contract between the Straight Creek Coal & Coke Company and the Big Hill Coal Company was not executed nor delivered until the 5th day of June, 1906, although it bore the date of November 14th, 1905. By the terms of this writing, the Straight Creek Coal & Coke Company leased to the Big Hill Coal Company nine hundred acres of land for mining purposes, for a period of forty years. The nine hundred acres leased to the Big Hill Coal Company are situated upon the left fork of Straight Creek, and adjoins the five hundred acre tract leased to appellant, but above it, as regards the course of the stream. The written evidence of the lease to the Big Hill Coal Company contains twenty-seven separate paragraphs, and purports to set out all the terms of the contract and to define the rights of the parties thereunder.

Previous to the granting of either of the leaseholds above named, the Straight Creek Coal & Coke Company, for the purpose of enabling it to develop the production of its coal, and to facilitate the removal, of the timber trees, which grew upon its lands, to the market, had caused to be constructed a railroad from a connection with a branch of the Louisville & Nashville railroad system up and along, near Straight Creek, to a point upon or near the lands which were leased to the Big Hill Coal Company. For the construction of this road and the ma-

terials used in it, the Straight Creek Coal & Coke Company was indebted to the Louisville & Nashville Railroad Company in a large sum, and were under obligations to pay the Louisville & Nashville R. R. Co. a certain sum per ton for each ton of freight which was hauled over this road.

By the terms of the lease contract held by appellant, it was obligated, commencing ninety days after its first shipment of coal, in the first year, thereafter, to mine and ship 40,000 tons of coal, and during each year thereafter during the life of the lease to mine and ship 48,000 tons, and to pay to the Straight Creek Coal & Coke Company the royalty thereon, whether that amount should be mined or not. By the terms of the lease contract held by the Big Hill Coal Company, it was obligated, beginning at the date upon which it should commence to operate its mines, to produce and ship 48,000 tons of coal each year, during the life of its lease and to pay the royalty on that amount whether it was mined or not.

The royalty to be paid by each of the lessees upon the coals taken from the mines was eight cents per ton.

For the purpose of shipping and marketing the coals produced from each of the leaseholds, it was necessary for each one of the lessees to have a tipple at a place convenient to the mouth of the mine, and to the Straight Creek Coal & Coke Company's railroad, and to connect the tipple with the railroad by a switch and side tracks, where the empty cars to be loaded with coal could be placed, and where cars loaded with coals could be placed until their removal by the railroad.

The appellant constructed the side tracks at its tipple necessary for the prosecution of its business in shipping and marketing its coal, and alleges that the original cost of same was $2,880.34, and that the necessary repairs of sums since the original construction and the interest upon the same paid out for original construction and repairs, added to the cost of original construction, now amounts to the total sum of $5,298.48.

In the year 1906, before the Big Hill Coal Company had commenced operations at its mines upon its leasehold, under an agreement between it and the Straight Creek Coal & Coke Company, the latter constructed the side tracks necessary for the Big Hill Coal Company's business in shipping and marketing its coal, at its own cost, and free of any cost to the Big Hill Coal Company.

Thereafter the Big Hill Company bore the costs of the necessary repairs to these side tracks. This agreement was reduced to writing and signed by each of the parties, and by its terms the Big Hill Coal Company, in consideration of the construction of the side tracks, free of cost to it, undertook to put into its mines machinery and equipment of not less value than $30,000.00, and to build houses for miners sufficient for the production of 1,000 tons of coal per day, and would so operate its mines that, within a reasonable time, it would produce 1,000 tons of coal per day. This writing has been lost or mislaid and could not be produced upon the trial, but the above was proven to be the substance of the agreement. Before appellant had executed its lease contract, it had received information that the side tracks were to be constructed for the Big Hill Coal Company free of charge, and claim that was the reason it secured the insertion of the twenty-seventh clause in its lease contract, and in March, 1906, it addressed a letter to the Straight Creek Coal & Coke Company, requesting it to construct side tracks for it, also, free of cost to it. It seems from the correspondence that the matter had been a subject of personal discussion between the officers of the companies before the letter was written, but the Straight Creek Coal & Coke Company replied to appellant by letter, in which it explained the consideration for its agreement to put in the side tracks for the Big Hill Coal Company free of cost to it, and proposed to appellant, that if it would agree to install as much machinery and to produce as much coal as the Big Hill Coal Company had agreed to do, in consideration of the construction of side tracks for it, that it, appellee, would construct side tracks for appellant. This appellant declined to do, and then appellee proposed that if appellant would agree to install two-thirds as much machinery, and produce two-thirds as much coal as the Big Hill Coal Company, and would enter into a contract to do this, that it would install a switch or side track for it. The appellant declined to obligate itself in a way similar to the obligation of the Big Hill Coal Company. Nothing further took place between the parties in regard to the side tracks until in the year 1909, when the Straight Creek Coal & Coke Company demanded that appellant pay it $776.02, on account of royalties, which it claimed the appellant owed it on account of failing during the year 1907 to produce the minimum amount of

48,000 tons of coal, which appellant excused itself from paying, because it was prevented from producing the 48,000 tons during that year because of unavoidable labor troubles.

On the 17th day of May, 1911, the Straight Creek Coal & Coke Company sold the lands upon which the appellant and the Big Hill Coal Company held leases, to the appellee, the Continental Coal Corporation, subject to the leases, and in the deed which the latter corporation accepted for the property, the lease contracts were assigned to it, and it was stipulated in the deed, that "the party of the second part (Continental Coal Corporation) agrees to take over said lease and assume all the obligations of the lessor thereunder."

This action was instituted in June, 1914, by appellant against the appellees, by which it sought to recover of the appellees the costs of constructing its side tracks in the year 1906, the costs of repairs thereon since that time and the interest on the moneys expended. It based its right of action upon the alleged breach of the twenty-seventh clause of its contract, made by the Straight Creek Coal & Coke Company constructing the side tracks for the Big Hill Coal Company free of cost to it, and claimed that thereby during the life of its lease more favorable terms had been given the Big Hill Coal Company than had been given to it, and that it was entitled to the same advantages, and that same had been denied to it, and that it had thereby suffered damages in the amount of the original costs of its side tracks, their up-keep, and the interest upon the money expended for those purposes.

The appellees relied for defenses upon the contention, that although the use of the side tracks was furnished to the Big Hill Coal Company free of cost to it, that its lease was yet less favorable in its terms than the lease held by appellant; that the advantage granted the Big Hill Coal Company and which is complained of was offered to the appellant upon the same conditions as it was granted to the Big Hill Coal Company, and was declined by appellant; that appellant's claim had been compromised and settled for a valuable consideration, which appellant had accepted and released its claim; that the claim was barred by the statute of limitations. The Continental Coal Corporation also relied for a defense upon its contention, that it was a purchaser of the

property for a valuable consideration and without notice of the claim of appellant.

At the conclusion of the evidence in chief for appellant, the appellees moved the court to direct a verdict in their favor. The motion of the Continental Coal Corporation was sustained, but that of the Straight Creek Coal & Coke Company was overruled.

At the conclusion of all the evidence the appellant offered three instructions which it moved the court to give to the jury, and the Straight Creek Coal & Coke Company again moved the court to peremptorily instruct the jury to find a verdict for it. The court refused the instructions offered by appellant, and sustained the motion of appellee and peremptorily instructed the jury to find, also, for the appellee, Straight Creek Coal & Coke Company. A judgment was then entered dismissing the petition.

The appellant seeks a reversal of the judgment upon the following grounds:

First: The court erred in directing a verdict for the appellees.

Second: The court erred in refusing the instructions to the jury offered by appellant.

The appellant does not make any claim that any more favorable terms were given the Big Hill Coal Company than were given to it, except in the matter of furnishing to the Big Hill Coal Company the use of the side tracks free of any of the original costs of their construction. The upkeep of the tracks and repairs to them were borne by the Big Hill Coal Company. Hence, if it was conceded that the construction of the tracks originally was giving to the Big Hill Coal Company a more favorable term than was accorded to the appellant, the appellant's injury is reduced to the costs of the original construction of its tracks, and it would not be entitled to claim the costs of repairs of its tracks, because the Big Hill Coal Company was bearing a similar burden. While the proof shows that the side tracks constructed for the Big Hill Coal Company were more extensive than those constructed by appellant for itself, it does not claim that it could have made use of more tracks, or that the tracks it had were insufficient for all the business it could do or desired to do, hence no claim for damages could arise on account of the tracks of the Big Hill Coal Company being more extensive than those had by appellant. Hence,

it seems that the only advantage which the appellant could claim, at all, as having been given to another lessee over it was the cost of the original construction of its side tracks. Whether the result of this apparent advantage amounted to the giving of another lessee more favorable terms, than were given to appellant will make necessary a construction of clause twenty-seven of its lease, and the application of the evidence to it. Although there should be a breach of the stipulations, if a consideration of all the evidence fails to show that there was any resulting damages, the direct verdict was proper. Furthermore, if the uncontradicted evidence should show that there was no breach of the contract, or if a breach of the contract was made, but the undisputed evidence should prove a complete defense and legal justification of the breach of the contract, then there was no issue to submit to the jury, and the peremptory instruction was proper. Clause twenty-seven of the contract, it will be observed, does not prohibit the lessor from giving to other lessees more favorable terms than the contract gives to appellant. The clause in no way requires the lessor to make contracts with other lessees with the same stipulations and conditions as are contained in the contract of which the clause is a part. It seems to have been so drawn as to leave the lessor a free hand to make such contracts with other lessees, as it might choose, and to give to them more favorable terms than were given to the lessee in its contract. The promise by the lessor is, that if it does give to another lessee more favorable terms than is given to appellant in its lease contract, then the appellant shall be given the same terms. Whether, to give to the Big Hill Coal Company the use of the side tracks, burdened with the duty of keeping them in repair, in consideration of its installing in the mines machinery and equipment of the value of not less than $30,000.00, and the employment of a sufficient number of miners to get out 1,000 tons of coal per day, and the building enough houses for them to live in, is or is not a term more favorable to the Big Hill Coal Company than the terms granted to appellant, is a matter of speculation and controversy, depending upon a number of things, about which men will dispute, without any very safe way of arriving at a definite conclusion based upon anything tangible. The only construction founded in common sense, which can be placed upon such a stipulation as is embraced in clause twenty-seven, so

as to make it effective, is, that if the lessor makes a contract with another lessee, which grants an advantage or right to such other lessee, that is not given to the lessee under the contract containing a stipulation such as is embraced in clause twenty-seven, then the holder of such contract may have such advantage, privilege or right granted to him likewise, if he so desires. He would be required to accept such term, advantage, privilege or right burdened with whatever conditions are annexed to it in the contract of the lessee to whom it is granted. If he was permitted to demand and receive the advantage, privilege or right, without the conditions annexed to it, under which it is given to the other lessee, instead of receiving an advantage as favorable as the one granted to the other lessee, he would be receiving an advantage much more favorable than the other lessee, and this he would certainly have no right to claim under the stipulation in clause twenty-seven.

When the Straight Creek Coal & Coke Company agreed with the Big Hill Coal Company to construct the side tracks at its tipple, free of cost to it, and to give the use of them to the Big Hill Coal Company, and did so, it did not violate the stipulation contained in clause twenty-seven of the lease contract with appellant, but when appellant demanded of it to construct side tracks for it at its tipple, free of cost to appellant, if the Straight Creek Coal & Coke Company had refused to do so, and to give the appellant the use of such tracks, upon the same terms and conditions as it constructed and let the use to the Big Hill Coal Company, it would have violated the contract embraced in the lease to appellant. The appellant, however, demanded a term more favorable than that given to the Big Hill Coal Company, if it was an advantage, and refused to accept the alleged advantage upon the same terms and conditions as it was given to the Big Hill Coal Company. The lessor then offerred to give it the advantage of side tracks, without cost, if it would agree to install two-thirds as much machinery and equipment, and produce two-thirds as much coal for shipment as the Big Hill Coal Company had agreed to do, which appellant refused to agree to. These facts are proven by the uncontradicted evidence offered on the trial in part by appellant and the remainder by appellees. There was no obligation upon appellee to provide the side tracks for appellant, other than upon

the same terms and conditions as they were given to the Big Hill Coal Company. Hence, the evidence fails to show any breach of the contract by appellee, Straight Creek Coal & Coke Company, but instead, all the evidence shows affirmatively there was no breach, and the court was not in error in directing a verdict for it. Any cause of action there might have been against the Continental Coal Corporation was dependent upon the existence of such cause of action against its co-appellee, and hence there was no error in directing a verdict for it. Having arrived at the above conclusions, it is unnecessary to consider the other questions presented by the record.

The judgment is therefore affirmed.