HAROLD EVES, Appellee, v. LITTIG CONSTRUCTION COMPANY, Appellant.

**EXPLOSIVES:** Injuries—Rule of Case. He who knowingly uses or handles violent explosives must anticipate and guard against the happening of any and all things which reasonably prudent human foresight might foresee might happen with injurious consequences to another.

**NEGLIGENCE:** Trespassers—Use of Highway. A pedestrian is not a trespasser while walking along that part of a public highway which is not and could not be used for ordinary travel.

**EXPLOSIVES:** Negligence—Proximate Cause. The act of a contractor in abandoning dynamite caps in a public highway is the proximate cause of an injury to an immature boy who found the caps and was injured thereby, rather than the act of the boy in attempting to remove the explosive from the container.

**TRIAL:** Instructions—Assumption of Truth of Conceded Fact. Instructions may very properly assume the truth of conceded or unquestionably established facts.

**TRIAL:** Instructions—Applicability to Evidence—Matters of Illustration. An instruction which is couched in the form of an illustration to the jury is not prejudicially erroneous because there is no evidence bearing on the subject-matter of the illustration.

**TRIAL:** Instructions—Submission of Cause—Acquiescence in Trial Theory. The submission of a cause on the theory of common-law negligence will not be disturbed on appeal when such submission appears to

have been acquiesced in in the trial court, even though the petition would justify the submission of the cause on the theory of the "attractive nuisance" doctrine.

Headnote 1:  25 C. J. p. 192.  Headnote 2:  25 C. J. p. 192 (Anno.); 29 Cyc. p. 445 (Anno.)  Headnote 3:  25 C. J. pp. 186, 187.  Headnote 4: 38 Cyc. pp. 1667, 1670.  Headnote 5:  38 Cyc. p. 1671.

Headnote 2:  26 R. C. L. 935.  Headnote 3:  14 L. R. A. (N. S.) 586; 24 L. R. A. (N. S.) 1257; 42 L. R. A. (N. S.) 840; L. R. A. 1917A 1295; 11 R. C. L. 666.  Headnote 4:  14 R. C. L. 738.

*Appeal from Scott District Court.*—WILLIAM W. SCOTT, Judge.

FEBRUARY 8, 1927.

Action to recover damages for personal injuries received by a boy under ten years of age.  The case is stated in the opinion. There was a verdict for plaintiff, and the defendant appeals.— *Affirmed.*

*Glenn D. Kelly,* for appellant.

*Hamiel & Mather,* for appellee.

STEVENS, J.—While Harold Eves was endeavoring to remove the explosive substance from a dynamite cap for the purpose of making a whistle, the cap exploded, and blew the thumb and forefinger off his right hand.  This action, prosecuted in the name of his father, as guardian, is to recover damages from the Littig Construction Company, which is charged with having carelessly and negligently left a box containing three dynamite caps on the bank of a deep cut made by the construction company in a public highway, where it was found and the caps removed by Harold on the morning of August 5, 1923.  The box containing the caps was lying in a depression on the surface of the ground, in plain view of a person walking on the bank of the cut near the fence line.  Immediately before discovering the box, Harold was accompanied by two companions, but they had climbed down the embankment, and did not see him pick it up. He showed the box and caps to them, but they did not know what they were, but supposed they were 22-rifle cartridges.

Harold threw the box in a near-by culvert, put the caps in his pocket, and took them home with him, a distance of about $\frac{7}{8}$ of a mile. In the afternoon, he attempted to remove the contents of the caps, and, while he was in the act of scratching one of them upon a piece of cement, the explosion occurred, with the results stated.

There are two culverts in the highway near the place where the box was found, the nearest about 20 rods distant. In April of the same year, a bridge construction gang used dynamite for blasting trees and stumps in the highway near the culverts. The bridge company completed its work in April or May, and went away. The appellant came later, and used dynamite for blasting trees and stumps in the highway at and near the point where the box was found. After the trees and stumps had been blasted, the elevation was cut down, and the dirt removed therefrom used in making a fill or embankment in the highway. Appellant completed its work the latter part of July. No other construction company or person in the community is known to have possessed explosives of the character in question. The box in which the caps were found was about two inches square, the exterior bright, without paint or lettering of any kind thereon. The identification of the box is one of the close questions of fact in the case.

A motion was made by appellant for a directed verdict, at the close of plaintiff's case, and renewed after both parties had rested.

A large number of the propositions relied upon for reversal are predicated upon the grounds stated in the motion for a directed verdict. The substance of these grounds was that the box containing the caps was not identified as the property of appellant, and that possession thereof was not traced to its foreman or other servants; that the evidence was insufficient to prove that the box was left or placed in the depression where it was found, by appellant, its servants, or employees; that Harold Eves was a trespasser at the time he discovered and picked up the box; that he was guilty of contributory negligence and of wrongfully and unlawfully intermeddling with property that did not belong to him; that no negligence on the part of appellant was shown which was the proximate cause of the accident; and that the result was not one that appellant in the lawful use

of explosives was bound to anticipate as reasonably likely to occur. The elevation of the bank at the point where the box was found was approximately twelve feet above the surface of the finished highway. The sides or slopes of the bank were steep, and the boys reached the top by walking close to the fence line on the natural surface of the ground. The incline was gradual, and apparently not difficult of ascent. The foreman of the appellant construction company denied emphatically that he ever saw the tin box containing the caps until it was presented as an exhibit upon the trial. One witness said that he saw the box on the top of the bank near where it was found, while they were working in the highway about ten days prior to August 5th. Other witnesses testified that they saw the foreman have a tin box similar in size and appearance, which he kept part of the time in a tree, and part of the time by a fence inside an inclosure near the highway. The box offered in evidence was found by Harold's father, who was accompanied and directed in his search therefor by one of the small boys who were with Harold on Sunday, in the culvert where it was thrown. He took the box home, and retained it until the time of the trial. In the meantime, it had become rusty, which gave it a somewhat different appearance from what it had when found. An effort is made by appellant to cast doubt upon the identification of the box by showing that the foreman of the bridge company had a small, similar box in which he also kept dynamite caps. The box, however, as stated, was not found near the culvert, but in the immediate vicinity of the place where appellant had, not more than ten days prior, been working. The identification is, of course, not conclusive, but was sufficient to require the submission of the question to the jury. No direct testimony was offered to prove when the box was left upon the bank, or how it came to be abandoned by appellant, if it was left there by its foreman. This was not essential, to make out a case for the jury.

I. The law is well settled and universal that one dealing in, using, or handling explosives must exercise the highest degree

1. EXPLOSIVES:
   injuries:
   rule of case.

of care to prevent injury to property or persons: that is, such care as is commensurate with the nature of the substance and the dangers incident to the handling or use thereof. *Lanza v. Le Grand Quarry Co.*, 124 Iowa 659.

The tendency of small boys to possess themselves of boxes and other objects of attractive appearance found upon the streets or highways is proverbial, and it was the duty of appellant, in the use and handling of a deadly explosive, to guard them against such perils as might reasonably be foreseen to occur. Whatever might happen that was within the range of prudent human foresight, it was in duty bound to guard against. Its liability, if any, must rest upon some violation of this duty which was the proximate cause of the injury. The duty of one employing explosives to exercise the highest degree of care for the safety of others is everywhere recognized and sustained by authority. The following cases will serve to illustrate both the rule and its application to a great variety of circumstances in which recovery was permitted. *Nelson v. McLellan*, 31 Wash. 208 (71 Pac. 747); *Clark v. Du Pont De Nemours Powder Co.*, 94 Kan. 268 (146 Pac. 320); *Cahill v. Stone & Co.*, 153 Cal. 571 (96 Pac. 84); *Erickson v. Gleason & Co.*, 145 Minn. 64 (176 N. W. 199); *Anderson v. Newport Mining Co.*, 202 Mich. 204 (168 N. W. 523); *O'Brien v. Kroner Hdw. Co.*, 175 Wis. 238 (185 N. W. 205); *Bianki v. Greater American Exposition*, 3 Neb. (Unoff.) 656 (92 N. W. 615); *Harriman v. Railway Co.*, 45 Ohio St. 11 (12 N. E. 451); *Akin v. Bradley Engineering & Mach. Co.*, 48 Wash. 97 (92 Pac. 903); *Olson v. Gill Home Investment Co.*, 58 Wash. 151 (108 Pac. 140); *Perry v. Rochester Lime Co.*, 219 N. Y. 60 (113 N. E. 529); *Hamblin v. Gano* (Miss.), 76 So. 633; *Birnbaum v. Philadelphia & R. R. Co.*, 249 Pa. St. 238 (94 Atl. 925); *Mathis v. Granger Brick & Tile Co.*, 85 Wash. 634 (149 Pac. 3); *City of Victor v. Smilanich*, 54 Colo. 479 (131 Pac. 392); *Vallency v. Rigillo*, 91 N. J. Law 307 (102 Atl. 348); *Barnett v. Cliffside Mills*, 167 N. C. 576 (83 S. E. 826); *Nicolosi v. Clark*, 169 Cal. 746 (147 Pac. 971); *Pittsburg Reduction Co. v. Horton*, 87 Ark. 576 (113 S. W. 647).

The following cases will serve as illustrations of the same doctrine applied to other facts and circumstances in which recovery was denied: *Bradley v. Thompson*, 65 Cal. App. 226 (223 Pac. 572); *Shields v. Costello* (Mo. App.), 229 S. W. 411; *Chambers v. Milner Coal & R. Co.*, 143 Ala. 255 (39 So. 170); *Eaton v. Moore*, 111 Va. 400 (69 S. E. 326); *Miller v. Chandler*, 163 Ky. 301 (173 S. W. 779); *Finkbeiner v. Solomon*, 225 Pa. St. 333 (74 Atl. 170); *Peterson v. Martin*, 138 Minn. 195 (164

N. W. 813) ; *Jacobs v. New York, N. H. & H. R. Co.*, 212 Mass.
96 (98 N. E. 688) ; *Carpenter v. Miller & Son*, 232 Pa. St. 362
(81 Atl. 439) ; *Pollard v. Oklahoma City R. Co.*, 36 Okla. 96 (128
Pac. 300) ; *Bottorff v. South Const. Co.*, 184 Ind. 221 (110 N. E.
977) ; *Gralka v. Worth Bros. Co.*, 245 Pa. St. 467 (91 Atl. 860) ;
*John v. Birmingham Realty Co.*, 172 Ala. 603 (55 So. 801) ;
*Coleman Mining Co. v. Straight Creek Coal & Coke Co.*, 170 Ky.
157 (185 S. W. 504) ; *Chesapeake & O. R. Co. v. Rogers*, 193 Ky.
571 (237 S. W. 18) ; *Bogdon v. Los Angeles & S. L. R. Co.*, 59
Utah 505 (205 Pac. 571) ; *Hall v. New York Tel. Co.*, 214 N. Y.
49 (108 N. E. 182) ; *Hughes v. Boston & M. R. Co.*, 71 N. H. 279
(51 Atl. 1070) ; *Bellino v. Columbus Const. Co.*, 188 Mass. 430
(74 N. E. 684) ; *Stephens v. Stephens*, 172 Ky. 780 (189 S. W.
1143) ; *Sowers v. McManus*, 214 Pa. St. 244 (63 Atl. 601) ;
*Travell v. Bannerman*, 174 N. Y. 47 (66 N. E. 583).

The whole subject is fully discussed in many of the cited
cases, and we shall not attempt any review thereof.

It is true that the top of the bank was much higher than the
surface of the highway, and was not in the line of ordinary
travel, but Harold was not a trespasser thereon. Public high-
ways are frequently used by pedestrians, who
might find it convenient to walk upon the bank,
out of the way of automobiles and other ve-
hicles traveling upon the right of way. The box was shiny, and
presented an attractive appearance to a boy of tender years.
He did not and could not reasonably be expected to comprehend
or know the deadly character of dynamite caps, and nothing
was more natural than that he should attempt to remove all
foreign substance therefrom and to use the cap for some purpose
that would serve his youthful fancy.

2. NEGLIGENCE:
trespassers:
use of highway.

The proposition most strongly urged is that there is nothing
in the evidence to show that any act or negligence on the part of
appellant, its servants, or employees was the proximate cause of
the injuries. There was, however, no other in-
tervening or independent cause except the at-
tempt of Harold to remove the dangerous sub-
stance from the cap. This was one of the very things which
appellant was bound, reasonably, to anticipate and guard against.
It was not an intervening independent cause, but the direct and
proximate result of the placing or abandonment of the caps at

3. EXPLOSIVES:
negligence:
proximate
cause.

the place where found and the appropriation thereof by Harold. He was at the time a few days under ten years of age. Any traveler upon the highway observing the box lying on the bank might have an inclination to pick it up and look for its contents. One of mature years would, of course, apprehend the nature of the substance, and would not have been injured, but not so as to children, whose lack of maturity and experience leads them to go further in their investigation and find out all about the cap. The issues of negligence and the question of proximate cause were, under the facts disclosed, in our opinion, questions for the jury.

II.  A question was raised as to the competency of Harold as a witness, who, at the time of the trial, was eleven years of age. After questioning of him by the court, the objections to his competency were overruled, and we think properly so. During the further progress of the trial, a colloquy arose between court and counsel, growing out of an objection to the admissibility of certain testimony offered by appellant to show that the box might have been left on the embankment by other construction companies engaged in work of similar character in the vicinity. The court ruled that the evidence should be confined to contiguous territory. Exception was taken to a remark of the court's during the colloquy with counsel. What was meant by the remark was fully explained to the jury, and any prejudice occasioned thereby removed. In this same connection, it is contended that the remarks of counsel for appellees were prejudicial. The criticism is without merit.

The remaining assignments are based almost wholly upon exceptions to the court's instructions.

III. The first of the exceptions to be considered is to the statement of the issues by the court to the jury. There is some merit in the contention of counsel at this point, but the failure to more accurately state and define the issues could not reasonably have misled the jury, and a reversal would not be justified upon this ground. It is always the better practice for the court to briefly and succinctly state the issues in its own language, and to clearly set forth the several propositions necessary to a recovery and to be established by the plaintiff by a preponderance of the evidence. This is, however, frequently not done, and perhaps it is

4. TRIAL: instructions: assumption of truth of conceded fact.

not always convenient or possible for the court to do so. The court further instructed the jury that the finding of the box by Harold at the place indicated by the testimony, the throwing away, and the recovery thereof by the father, the injuries, and the manner in which they were received, and some other facts were established by the undisputed evidence. The instruction was correct, as this evidence was in no wise disputed by other evidence, direct or indirect.

The court also instructed the jury that Harold was not a trespasser, whether using the highway for the purposes of the errand on which he was sent or for play. The objection to this instruction is that there was neither evidence nor claim on the part of appellant that the boys were on the highway for the purpose of playing. There was no issue as to the boys' playing on the highway, nor does the evidence tend to show that a trespass was committed. The law embodied in the instruction is correct, and the reference to children's playing upon the highway was by way of illustration, and without prejudice.

5. Trial: instructions: applicability to evidence: matters of illustration.

It is also contended by counsel for appellant that the cause of action stated in the petition is based upon the attractive-nuisance doctrine, and that the court confused the jury by not more clearly stating the issues, and in submitting the case upon a theory wholly at variance with the allegations of the petition. The petition is susceptible to the interpretation placed thereon by appellant, but the allegations thereof are also consistent with the theory upon which the case was submitted to the jury. The attractive-nuisance doctrine, as usually defined and applied, is not involved in this case. The court submitted the case to the jury on the theory of common-law negligence. The negligence of appellant was in placing or leaving the explosive exposed at the place described. The character of the box containing the same was material only as it may have tended to more readily attract attention, and thereby tend to increase the hazard. The duty of one handling, using, or storing explosives is fully discussed and decided in the numerous cases cited herein. The basis of liability is well and clearly established. The reference in Instruction No. 15 to the box in which the caps were inclosed could not have been prejudicial, even if erroneous.

6. Trial: instructions: submission of cause: acquiescence in trial theory.

What we have said sufficiently disposes of all assignments based upon alleged errors in the court's charge to the jury.

IV. An affidavit by one of the jurors was attached to appellant's motion for a new trial. The affidavit was stricken by the court. We shall not copy nor state the contents of the affidavit, further than to say that it was clearly incompetent for any purpose. Affidavits which tend to stultify the juror, or relating to matters necessarily inhering in the verdict, will not be accepted as a cause for setting the same aside.

We have referred to all of the principal questions argued by counsel, but have omitted a few points covered by the exceptions to the instructions, as well as other matters; but they have all had the careful consideration of the court, and have been found without substantial merit. The judgment is—*Affirmed.*

Evans, C. J., and Faville and Vermilion, JJ., concur.