Long, Appellant, v. Frock.

356

Argued May 11, 1931.   Before FRAZER, C. J., WALL-ING, SIMPSON, KEPHART, SCHAFFER and MAXEY, JJ.

*Fred B. Moser,* with him *Cloyd Steininger,* for appellant.—It is a general principle of law that one who has in his possession or under his control, an instrumentality exceptionally dangerous in character, is bound to take exceptional precautions to prevent an injury being done thereby: Sowers v. McManus, 214 Pa. 244; Derry Coal & Coke Co. v. Kerbaugh, 222 Pa. 448;

Loughlin v. R. R., 240 Pa. 174; Tomasak v. Boro., 98 Pa. Superior Ct. 473; McMillen v. Steel, 275 Pa. 584.

One of the very important provinces of a jury is to reconcile such testimony, and it is right that it should be so: Skean v. Traction Co., 22 Mont. 155; Kitler v. R. R., 27 Pa. Superior Ct. 602; Todd v. Ry., 201 Pa. 558; Howett v. R. R., 166 Pa. 607; Ely v. R. R., 158 Pa. 233.

*Curtis C. Lesher,* for appellee.—There was no proof of negligence: Rachmel v. Clark, 205 Pa. 314; Fitzmaurice v. Fabian, 147 Pa. 199; Sowers v. McManus, 214 Pa. 244; Bannon v. Penna. R. R. 29 Pa. Superior Ct., 231; Gralka v. Worth Bros. Co., 245 Pa. 467.

Plaintiff's evidence being to the effect that there was only one dynamite cap in the cigar box when placed under the eaves of the roof in the bunkhouse, and the injured child having two dynamite caps in his possession at the time of the injury, the jury may not guess whether or not the dynamite cap that exploded and caused the injury was the dynamite cap belonging to the defendant: Gralka v. Worth Bros. Co., 245 Pa. 467.

The parents were guilty of negligence: Gurtin v. Somerset, 140 Pa. 70; Godley v. Hagerty, 20 Pa. 387; Darbrinsky v. Penna. Co., 248 Pa. 503.

OPINION BY MR. JUSTICE WALLING, June 27, 1931:

The plaintiff, Andrew J. Long, was a tenant on the "Steans Farm" in Buffalo Township, Union County, when the timber thereon was sold to the defendant, Henry Frock. A small, one-room shanty was erected near the farm buildings for the use of Frock's employees. In removing the timber in the summer of 1928 Frock sought on one occasion to split some of the large logs by the use of dynamite. What remained of it, after the attempt, was placed in a cigar box and left on a board six feet or more from the floor, under the rafters of the shanty. The lumbering operation was finished in the fall of 1928, but some of the tools, etc., were not removed

by Frock until February, 1929. The shanty was built with the agreement that it was to be Long's property when the timber job was done; meantime Long had used it to some extent for storage purposes. Long's wife visited the shanty on the afternoon of the day in February when Frock had removed his property therefrom and saw the cigar box, took it down, and, not knowing the contents, replaced it on the board. Children, including the minor plaintiff, Ray C. Long, then seven years of age, were accustomed to play in the shanty, and by standing on a couch could reach the cigar box. This they apparently did, for, on one occasion, Mrs. Long found on the shanty floor the box and its contents, which she picked up and replaced on the board. On Sunday, April 7, 1929, children, including the minor plaintiff, picked up two dynamite caps off the floor of the shanty and brought them to the dwelling house. Mr. Long, still ignorant of the danger, allowed them to play with the caps. Thereupon, the minor plaintiff took one of them to the wagon shed, placed it on an anvil and tried to flatten it with a hammer. It exploded and crippled his left hand. The other cap was in the possession of another child, who made teeth marks upon it, but luckily it did not explode. This suit, brought by Long in his own right and in the right of his minor son, on the contention of defendant's negligence, resulted in a compulsory nonsuit and, from the trial court's order refusing to take it off, plaintiffs brought this appeal.

The only evidence as to explosives left by defendant in the cigar box or in the shanty was that of Ira H. Bowersox, a former employee of the defendant, called by plaintiff, that two and one-half sticks of dynamite and one dynamite cap were so left. He said they had six caps and exploded five. Whereas, the boys found two unexploded caps on the shanty floor on the day of the accident. The proof that dynamite caps were left in the shanty by defendant rested on the testimony of Bowersox and we cannot assume that two dynamite

caps were left in the face of his positive statement to the contrary. That being so, it is impossible to say which, if either of the caps found on the floor, was left by defendant. He is not responsible for damage done by a cap which he did not leave and it is just a guess as to which cap exploded. Where a defendant is responsible for one only of two equally probable causes, there can be no recovery: Curry v. Wilson et al, 301 Pa. 467; Sullivan v. Baltimore & Ohio R. R., 272 Pa. 429; Erbe v. P. R. T. Co., 256 Pa. 567; Leaven v. Moore, 211 Pa. 245. Moreover, search in vain was made for the cigar box on the day of the accident and thereafter. So far as appears, both the box and contents may have been previously removed by some one. In which event, neither cap found that day by the boys was the one left by defendant. True, Mr. and Mrs. Long testified to the effect that no other person used explosives on the farm, but the shanty, open day and night, was only twenty-five feet from the road and it is entirely possible that the caps may have been dropped in the shanty by some other person. It is a matter of common knowledge that dynamite is now used in coal mining, stone quarrying, road building, land clearing and other like purposes, also in criminal operations. So the mere fact of finding dynamite caps on the floor of an open shanty some months after it had been vacated by a former occupant, would not establish the fact that he left them there, in the face of the affirmative evidence of plaintiffs' own witness that he did not. To hold a defendant liable for injury caused by dynamite there must be evidence, direct or circumstantial, sufficient to support a finding that it was his property, or property he had abandoned (see Cain et al. v. Booth & Flinn, Ltd., 294 Pa. 334, and cases there cited); otherwise the verdict is a mere guess, which cannot be permitted: Glancey v. McKees Rocks Boro., 243 Pa. 216; Gralka v. Worth Bros. Co., 245 Pa. 467, 471. In any event, plaintiffs failed to meet the burden of showing that the cap which exploded was left

360

in the shanty by the defendant and the trial court properly so held. Therefore, the questions of negligence, contributory negligence of parents and proximate cause need not be considered. We may properly add, however, that dynamite is a most dangerous explosive, because of which those using it are required to exercise the highest degree of care, from which this court has no desire to relieve them.

The order refusing to take off the nonsuit is affirmed.