STATE OF IOWA, Appellee, v. CLAUDE S. COOK, Appellant.

No. 45001.

MARCH 5, 1940.

George M. Faul, for appellant.

Fred D. Everett, Attorney General, Jens Grothe, Assistant Attorney General, and Francis J. Kuble, County Attorney, for appellee.

HALE, J.—The defendant was indicted by the grand jury of Polk county charged with driving a motor vehicle while intoxicated. He was tried and convicted. Exceptions to instructions and motion for new trial were overruled, and from this action of the court and judgment on the verdict of guilty the defendant appeals.

The only question involved in this appeal is the effect of a communication by the court to the jury in response to a request after they had been considering the case for several hours. Following is the request:

"We, the jury in deliberation, would respectfully request information on one item of general procedure.

"Would it be within the power of the jury to render a verdict of 'Guilty with recommendation for clemency,' and would this form of verdict have any weight in the subsequent sentence passed?"

The additional instruction given by the court is as follows:

"With reference to the question submitted to the court by the jury, which is signed by your foreman, will say that when you have agreed, you will sign the form of verdict agreed upon by your foreman and return the same into open court. Should you desire to make any recommendations, you may write the same on a separate sheet of paper and have the same signed by your foreman, or by any or all members of the jury and return the same together with your verdict and the instructions into open court."

The giving of this additional instruction is claimed by the defendant to have been error. He asserts that the instruction influenced and prejudiced the jury against him. We cannot see how this could be true. The jury had been given the usual instructions in such cases and informed that they were the judges of the facts in the case, and undoubtedly so understood; and examination of the additional instruction itself does not show that in any way the court indicated any opinion.

Defendant cites State v. Kernan, 154 Iowa 672, 135 N. W. 362, 40 L. R. A., N. S., 239, in support of his argument, but the instruction under consideration was not the same as in that case. In the cited case the jury were informed that the court would consider the recommendation made. In the instant case there was no such statement. The instruction given by the court in this case was almost word for word the same as that given in the case of State v. Cooper, 195 Iowa 258, 268, 191 N. W. 891, 895, and which was approved by this court. The language of the court in that case applies here:

"The court gave no indication as to whether or not the jury's recommendation, if they made any, would receive consideration. * * * The record in the case before us negatives the thought that the trial court said or did anything in connection with such recommendation that could be said to have influenced the jury in any way as to the verdict which should be returned."

We see no distinction that can be made between the case at bar and State v. Cooper, supra. Defendant urges that the latter was a murder case, and that in murder cases the jury determine degree or make recommendations but in ordinary cases they do not. In verdicts of murder in the first degree the jury, as part of the verdict, determine the punishment. There is no force in the argument that the rule should be more stringent in a case of this nature than in a murder trial. It is our holding that the additional instruction given in response to the request of the jury was proper and that defendant's rights were not prejudiced thereby. There is no reason for disturbing the rule announced in the Cooper case, which has been followed in trials in this state for many years.

Affidavits were filed as a part of the motion for new trial, in which affidavits several of the jurors stated that they were influenced by the additional instruction given in connection with the discussion in the jury room. Such affidavits cannot be considered by the court. See Eves v. Littig Const. Co., 202 Iowa 1338, 1346, 212 N. W. 154, 157; Kirchner v. Dorsey & Dorsey, 226 Iowa 283, 297, 284 N. W. 171, 179; Gregory v. Kirkman Cons. Ind. Sch. Dist., 193 Iowa 579, 187 N. W. 553, and cases cited therein; Keller v. Dodds, 224 Iowa 935, 277 N. W. 467.

The questions involved in the exceptions to instructions and motion for new trial and entering of judgment, which are set out in separate divisions of defendant's brief and argument, are all based upon the alleged error in the giving of the instruction and are not argued except as they are argued in division 1 of defendant's brief and argument.

We find no error in the action of the court and the cause is affirmed.—Affirmed.

HAMILTON, C. J., and STIGER, SAGER, BLISS, OLIVER, and MILLER, JJ., concur.