# Peter J. Cover et al., Admrs., Plffs. in Err., v. Samuel Mishler.

Where an action is upon a note under seal and, after the introduction of evidence tending to prove its execution and loss, a paper alleged by the plaintiff to be a copy of it is, without exception, admitted in evidence as proof, not of its execution, but simply of its contents, an exception to binding instructions to the jury to find for the defendant does not raise the question whether the court should have admitted the paper as a copy of a note the execution of which had been sufficiently proved to entitle it to go to the jury.

(Argued February 8, 1887. Decided March 14, 1887.)

July Term, 1885, No. 186, E. D., before MERCUR, Ch. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN, and CLARK, JJ. Error to the Common Pleas of Somerset County to review a judgment on a verdict for the defendant in an action of scire facias to review a judgment. Affirmed.

Judgment was confessed on behalf of defendant by the attorneys for plaintiffs on the following note:

$64.63. Davidsville, Pa., Dec. 1, 1873.

Four months after date I promise to pay to the order of S. J. Cover sixty-four 63/100 dollars, without defalcation, for value received.

And further, I do hereby empower any attorney of any court of record within the United States, or elsewhere, to appear for me and, after one or more declarations filed, confess judgment against me as of any term for the above sum, with costs of suit, and attorney's commission of — per cent for collection, and release of all errors, and without stay of execution, and inquisition

and extension upon any levy on real estate is hereby waived, and condemnation agreed to; and the exemption of personal property from levy and sale on any execution hereon is hereby expressly waived, and no benefit of exemption to be claimed under and by virtue of any exemption law now in force or which may be hereafter passed.

Witness my hand and seal,

Sophia Cover.

his
Samuel X. Mishler, [Seal.]
mark.

Scire facias was issued to review this judgment, when the defendant filed an affidavit of defense setting forth that he never signed the note on which the original judgment is entered, and never authorized anyone to do so for him, by mark or otherwise.

These papers constituted the pleadings in the case, it being agreed that it should be tried on the scire facias, as effectively as if the original judgment had been opened.

At the trial before BAER, P. J., the note was not produced and its loss was testified to by the counsel who copied it in the *narr.*

The widow of the payee, who was, under exception, admitted as a witness, says she was called into a room to witness a note; that defendant and her husband were alone in the room; that she signed her name to a note as a witness, that it was for something like $60 or $64 (she was very indefinite as to the time; thought it was in 1874); that Mishler said nothing to her or in her presence, and she said nothing to him. She also said "I don't say that I saw him sign it;" nor did she say that it was signed at all, or whether by name or mark. She did not say she read the note, nor did she say that the copy of the note inserted in the *narr.* was a copy of the note she signed as a witness.

The plaintiffs then offered the copy of a note dated December 1, 1873, payable four months after date to S. J. Cover, calling for $64.63, purporting to be signed by Samuel Mishler, by X mark, and with the name of Sophia Cover at the lower left-hand corner.

This was admitted by the court, merely as proof of the contents of a lost paper, but was not admitted as an executed note; the court holding that the execution of the note was not sufficiently proven. To this ruling of the court no exception

was taken by the plaintiffs, and they rested their case at that point.

The defendant offered no evidence and the court instructed the jury:

"The defendant offers no evidence; but from the evidence in the case, we say to you that your verdict must be for the defendant."

Judgment and verdict were accordingly for the defendant.

The assignment of error specified the charge of the court.

*Coffroth & Ruppel,* for plaintiffs in error.—It is not generally necessary that an attesting witness should be able to recollect the circumstances attending his signature, or the fact that he saw the maker of the instrument attach to it his name. 1 Wharton, Ev. § 739.

The evidence should have gone to the jury for them to say whether the execution of the note was sufficiently proven. It was not the province of the court to decide. Hamsher v. Kline, 57 Pa. 402.

If there is any evidence, however slight, tending to prove the formal execution of a deed, it is sufficient to entitle it to go to the jury. 2 Greenl. Ev. § 295.

Few men can swear positively to the sealing and delivery of an instrument after any considerable time. Pigott v. Holloway, 1 Binn. 442.

Identity of name is sufficient in the first instance as presumptive evidence of identity of person. 3 Phillipps, Ev. 1301; Atchison v. M'Culloch, 5 Watts, 13.

In the absence of countervailing proof, the law presumes against fraud and in favor of innocence. Miller's Estate, 3 Rawle, 317, 24 Am. Dec. 345.

If a subscribing witness is dead, or out of the state, or has become interested since the execution, evidence of his handwriting is sufficient. Prince v. Blackburn, 2 East, 250; Hamilton v. Marsden, 6 Binn. 45; Kelly v. Dunlap, 3 Penr. & W. 136.

Equal reason exists for the application of the same rule where he has lost all memory of the transaction. Prima facie the presumption is that what he has attested has taken place in his presence. Sigfried v. Levan, 6 Serg. & R. 311, 9 Am. Dec. 427.

Where the defendant moves for a nonsuit, the plaintiff's evidence must be taken to be true, and every reasonable inference of fact which a jury might draw from it in favor of the plaintiff must be drawn by the judges. Miller v. Bealer, 100 Pa. 583.

The binding instruction, given by the court to the jury, to find for the defendant brings the whole record before this court for review.

A writ of error which goes to the whole record brings it necessarily into the court of error; counsel may come here and assign errors upon any part of that record and it is our duty to notice them. Wheeler v. Winn, 53 Pa. 129, 91 Am. Dec. 186.

*W. H. Koontz* and *H. S. Endsley,* for defendant in error.— Exception was not taken by the plaintiffs in error at the proper time and place.

To authorize *memoriter* proof of a lost document, the witness must have read it, or heard its contents from its author, and be able to speak at least to the substance of such contents. Such evidence, also, should be supported strongly by circumstances in cases where the probabilities are that a writing of the character of that in dispute would be carefully preserved. But before such evidence will be admitted it must be shown that the original instrument was duly executed, and was otherwise genuine. 1 Wharton, Ev. §§ 140, 142.

To make a copy of a lost instrument of writing admissible, the evidence of the genuineness of the original from which it was taken must be of the most positive and unequivocal kind. Krise v. Neason, 66 Pa. 253.

Attestation means the witnessing of an instrument of writing at the request of the party signing the same by subscribing the same as a witness.

The attesting witness need not see the party sign the instrument, if he signs it in the presence of the maker and at his request.

It is enough, prima facie, if he swears that the signature is his own, and adds that it would not have been affixed but for the purposes of attestation. If he can merely swear to his own signature, other evidence of the genuineness of the instrument may be then received. Huston v. Ticknor, 99 Pa. 231; Greenl. Ev. § 569; 1 Wharton, Ev. § 739; 1 Bouvier, Law Dict. 166.

If there is attestation, and the witness confesses himself to be the attesting witness, prima facie, the presumption is that what he has attested has taken place in his presence; but if the subscribing witness denies attestation, or is unable to prove execution, then collateral circumstances are admissible in evidence, as where there is no attestation.

When the subscribing witness is dead, absent, or becomes interested, proof of the witness's handwriting is prima facie evidence of execution and delivery. 1 Wharton, Ev. §§ 723, et seq.

In Pigott v. Holloway, 1 Binn. 442, the subscribing witness proved his own handwriting and his own seal, and deposed, having the instrument before him, that he was convinced he was present and attested the execution of the instrument.

There is no such testimony in this case to prove execution; but on the contrary the fact of execution is negatived by the testimony of the subscribing witness.

The case of Miller's Estate, 3 Rawle, 312, 24 Am. Dec. 345, arose on the execution and delivery of a specialty. The subscribing witnesses recognized their signatures, and remembered the transaction but did not remember any formal delivery. Their failure of memory was held to be sufficient ground for introducing the testimony of another witness present at the time, who swore that he affixed the seal with the assent of the obligor, and that the instrument was afterwards acknowledged in the presence of the subscribing witnesses.

In Hamsher v. Kline, 57 Pa. 402, the subscribing witness proved his signature, but he had lost all memory of the transaction; and the same rule was held to apply as if he were dead, out of the state, or had become interested; and the presumption, prima facie, was that what he had attested had taken place.

In the case at hand the subscribing witness proves that she signed a note as witness, but she goes further and details such facts and circumstances as negative the idea that it was executed by the defendant.

It is for the court to judge whether there has been sufficient evidence of execution of a deed to go to the jury. Hays v. Hays, 6 Pa. 368.

OPINION BY MR. JUSTICE PAXSON:

The single assignment of error in this case is not sustained.

It was not error to give the jury a binding instruction to find for the defendant, for the reason that there was no evidence which would have justified a verdict for plaintiff. The note in controversy had been lost and some evidence was offered tending to prove its execution, and a paper was produced which the plaintiff contended was a copy thereof. At the close of his case the copy was offered in evidence. The court said:

"It is admitted simply as a proof of the contents of the lost paper; it is not admitted as an executed note at this stage of the case, the execution of the note not being sufficiently proven."

The plaintiffs rested their case at this point and the defendant not having offered any testimony, the court gave a binding instruction to find for the defendant, to which exception was taken and a bill sealed.

It appears that the paper referred to was admitted merely as a copy of a paper which the plaintiffs had sued upon, and which they claimed to have been signed by the defendant, but the execution of which had not been proved. We need not discuss the question whether the court should have admitted the paper as a copy of a note, the execution of which had been sufficiently proved to entitle it to go to the jury, for the reason that no exception was taken to the exclusion of the note, and the exception to the charge does not cover it.

Judgment affirmed.