THOMAS J. AFFLICK, *p. a.*, *vs.* FRANK M. BATES, City Treasurer.

| 21 | 281 |
| 25 | 599 |
| 21 | 281 |
| [26 | 580 |

PROVIDENCE—MAY 1, 1899.

PRESENT : Matteson, C. J., Stiness and Tillinghast, JJ.

(1)  *Duty to guard against Unlawful Acts.  Negligence.  Proximate Cause.*

The plaintiff, nine years of age, with other young boys, was playing in a yard adjoining a vacant lot, where the defendant had a tool-chest wherein were kept explosive caps used in highway work.  The caps were kept in a box inclosed in turn in a tin box, the cover of which was secured by a string, and placed near the bottom of the tool-chest.  The box had been opened by some one shortly prior to the accident, and some of the caps removed.  The plaintiff and his brother came into the lot during their play and found some of the caps on the ground, ten or twelve feet from the chest.  The brother of the plaintiff took one of the caps and gave it to another boy who caused it to explode, whereby the plaintiff was injured :—

*Held*, the defendant was not bound to guard against the mischievous and unlawful acts of others in removing the caps.

*Held*, the act of the boy in exploding the cap was the proximate cause of the injury, intervening between the negligence of the defendant (assuming it to have been negligent) and the injury to the plaintiff, and breaking the causal connection between them.

TRESPASS ON THE CASE for negligence.  Heard on petition of plaintiff for a new trial.  New trial denied.

(1)   MATTESON, C. J.   The case shows that the explosive caps, by one of which it is alleged that plaintiff was injured, were kept by the city of Pawtucket in a large tool-chest which stood upon a vacant lot.   The caps themselves were enclosed in a box contained in a tin box, the cover of which was secured by a string.   The tin box was placed on a shelf near the bottom of the tool-chest.   Shortly prior to the accident

somebody, it does not appear who, had opened the tool-chest and removed the string from the tin box and taken out of the box within it some of the caps. The plaintiff and his brother, aged respectively nine and eleven years, with other boys, were playing ball in a yard adjoining the vacant lot where the tool-chest stood. The ball with which they were playing was thrown or knocked over the fence into the vacant lot, and the plaintiff and his brother went after it and found two of the caps like those in the tool-chest lying on the ground ten or twelve feet distant from the chest. The plaintiff took one of the caps and his brother took the other. The latter gave his to another boy named Nolan, fourteen years of age, who was playing with them. The Nolan boy placed the cap on the curb-stone and dropped a stone upon it, whereupon it exploded with a loud noise. Particles of the exploding cap struck the plaintiff, who was standing a short distance away, and inflicted the injuries for which he sues. The negligence complained of is the leaving of the tool-chest open and unguarded, so that access could be had to it by mischievous boys and the explosive caps kept in it could be removed.

Assuming that the cap by which the plaintiff was injured was one of those taken from the tool-chest belonging to the city, we do not think that the city was bound to guard against the mischievous and unlawful acts of others in removing the caps, and therefore we do not think that it was guilty of the negligence alleged. *Mahogany* v. *Ward*, 16 R. I. 484. But, assuming that it was, the act of the boy Nolan in exploding the cap was, in our opinion, the proximate cause of the injury, intervening between the negligence of the city and the injury to the plaintiff and breaking the causal connection between them. *Mahogany* v. *Ward*, 16 R. I. 481. *Carter* v. *Towne*, 103 Mass. 507.

New trial denied, and judgment entered, on the decision of Mr. Justice Rogers, for the defendant for costs.

*Hugh J. Carroll*, for plaintiff.
*James L. Jenks*, for defendant.