PETERSON, Respondent, vs. LEMKE, Appellant.

*December 10, 1914—January 12, 1915.*

*Trial: Calling jury back to correct error in charge: Assault: Evidence: Sufficiency: Lack of corroboration: Burden and degree of proof: instructions to jury: Appeal: Reversal without exceptions.*

1. Before the jury returns its verdict the court may properly call it back to correct an erroneous charge.
2. In a civil action for an assault the uncorroborated testimony of the plaintiff may be sufficient to sustain a verdict in her favor.
3. In a civil action for an assault, where it was essential for plaintiff to prove that defendant had been guilty of a criminal act, it was error to charge that it was incumbent upon plaintiff to prove her case by a fair preponderance of the evidence only, instead of by a clear and satisfactory preponderance of the evidence; but no exception having been taken to such charge, and the real controversy having been fully tried, and it not appearing to be probable that justice has miscarried, this court declines, even under sec. 2405m, Stats., to reverse a judgment in plaintiff's favor.

APPEAL from a judgment of the circuit court for Shawano county: JOHN GOODLAND, Circuit Judge. *Affirmed.*

Plaintiff brings this action to recover damages for injuries alleged to have been sustained as a result of an assault made upon her by the defendant on November 22, 1912. The complaint alleges that plaintiff is a married woman living with her husband, and that on said date the defendant assaulted her at her home and forcibly took hold of her for the purpose

of compelling her to submit to sexual intercourse; that at said time plaintiff was pregnant; that she was greatly frightened, and as a result of the assault and her struggles to free her- self from the defendant she thereafter suffered a miscarriage on December 11, 1912, and is still sick and disabled. The jury returned a verdict in favor of the plaintiff and against the defendant for $400 compensatory damages and $100 ex- emplary damages, and from a judgment entered in accord- ance with such verdict defendant appeals.

*E. V. Werner,* for the appellant.

*P. J. Winter,* for the respondent.

Barnes, J. Errors are assigned (1) in rulings on evi- dence; (2) in charging the jury; (3) in denying defendant's motion for judgment notwithstanding the verdict; and (4) in refusing to grant a new trial.

1. The errors assigned in rulings on evidence are frivolous and do not call for discussion.

2. It is claimed that the court erred in calling the jury back at the instance of opposing counsel and correcting an erroneous charge given on the subject of damages. The cor- rection was favorable to defendant. Obviously it was not only the right but the duty of the court to correct its error be- fore the jury returned its verdict.

3. Counsel argues that, the defendant having denied the assault, the verdict could not stand on the uncorroborated evi- dence of the plaintiff. This is an attempt to apply the rule applicable to a *particeps criminis* to one who has done no wrong whatever. Manifestly the jury had the right to be- lieve the plaintiff and to disbelieve the defendant.

4. In addition to the reasons urged as stated above, it is contended that a new trial should have been granted because the court erred in charging the jury that it was incumbent on the plaintiff to prove her case by a fair preponderance of the evidence only.

The instruction was not correct under our later decisions. The court should have advised the jury that it was incumbent on the plaintiff to prove her case by a "clear and satisfactory preponderance of the evidence." *Poertner v. Poertner,* 66 Wis. 644, 29 N. W. 386; *Maldaner v. Smith,* 102 Wis. 30, 78 N. W. 140; *Klipstein v. Raschein,* 117 Wis. 248, 252, 94 N. W. 63; *Harrigan v. Gilchrist,* 121 Wis. 127, 425, 99 N. W. 909; *Neacy v. Milwaukee Co.* 144 Wis. 210, 220, 128 N. W. 1063; *Trzebietowski v. Jereski, ante,* p. 109, 149 N. W. 743. There can be no doubt that it was essential for the plaintiff to show that the defendant had been guilty of a criminal act in order to recover.

If exception had been taken to this part of the charge, it is doubtful if it should or would be held nonprejudicial error. The plaintiff and the defendant were the only witnesses to the transaction and they contradicted one another flatly. There is certainly room for saying that the jury might have believed there was a fair preponderance of the evidence in support of the verdict reached and still it might not be satisfied that there was a clear and satisfactory preponderance.

The respondent invokes sec. 2405m, Stats., which permits this court to reverse without exception "where the real controversy has not been fully tried" or where "it is probable that justice has for any reason miscarried." This statute should not be construed as inviting the abandonment of taking exceptions. It is designed to meet cases where extreme hardship would otherwise probably result from a failure to take proper exceptions. It does not follow that, because a case would be reversed on an exception taken, it will be reversed under this statute without an exception. The trial court is entitled to know what fault is found with its charge, so that it may set the verdict aside if convinced that prejudicial error has been committed. The opposite party has a right to know, so that he may consent to a new trial if he is satisfied that error has been committed and wishes to save the

delay and expense that would result from an appeal to this court.

Here the real controversy has been fully tried, so the first clause of the statute does not apply.    We are not disposed to say that it is "probable" that "justice has miscarried" in this case, and hence must decline to reverse under the second contingency provided for in sec. 2405*m*.

*By the Court.*—Judgment affirmed.