HERREM, by guardian *ad litem,* Appellant, vs. KONZ, Respondent.

*April 27—May 15, 1917.*

*Negligence: Gross negligence: Pleading: Unguarded shafting: Injury to child.*

1. A complaint alleging that, with the knowledge and consent of defendant, children of tender age living near his sawmill were in the habit of playing underneath said mill in close proximity to an unguarded revolving shaft which, because of the rapidity of its revolution and the darkness of the place, was inherently dangerous to such children, and that solely because of defendant's negligence in failing to guard said shaft and take other necessary precautions the plaintiff (one of said children) was caught by the shaft and severely injured, is *held* to state a cause of action for ordinary negligence, the defendant being bound, under the circumstances stated, to anticipate that an injury might result to some child.

2. Allegations of the above facts, in a so-called second cause of action, together with an averment that plaintiff was injured solely because of defendant's *gross* negligence in failing to guard said shaft and his utter disregard of the safety of the children, do not state a cause of action for gross negligence.

3. If the facts alleged in a pleading do not show an intent, either actual or constructive, to cause injury, or conduct evincing a total disregard for the safety of persons or property, they do not constitute gross negligence, even though the pleading characterizes them as such.

APPEAL from an order of the circuit court for Taylor county: G. N. RISJORD, Circuit Judge. *Affirmed in part; reversed in part.*

This is an action by the plaintiff, *Alfred Herrem*, an infant, by his guardian *ad litem*, Arnt Herrem, to recover damages for an injury alleged to have been caused through the negligence of the defendant, *S. A. Konz*, who is engaged in the lumber manufacturing business at Rib Lake, Taylor county, Wisconsin.

Plaintiff alleges that the main floor of the defendant's mill. is raised eight or nine feet above the ground; that there are open spaces underneath the floor of the mill; that an unguarded, revolving shaft was located in the open spaces under the mill; and that children of the families living near the mill were in the habit of playing underneath the mill with the knowledge and consent of the defendant.

On September 1, 1914, *Alfred Herrem*, the plaintiff, a child nine years of age, while playing around the shaft was caught by the revolving shaft and was seriously and permanently injured.   The plaintiff claims that because of his suffering and his permanent injuries he is entitled to recover damages therefor from the defendant, upon the ground that the defendant was guilty of negligence which proximately caused the injuries complained of.

Among other allegations the complaint states:

"That there were at all of the times hereinafter mentioned many families, having children of tender age, living in the vicinity of the mill, and that said children were in the habit of playing around the sawmill and in the sawdust piles and were in the habit of going underneath the mill of the defendant and playing in close proximity to said unguarded shaft, with the knowledge and consent of the defendant;" and ". . . that solely because of defendant's negligence in failing to guard said shaft, which because of its rapid speed and the darkness of the place was inherently. dangerous to children of tender years, and the further negligence in failing to inclose said machinery and space underneath the mill and to take such other precautions as were necessary, the plaintiff became entangled with and wound around said shaft and was severely and permanently injured."

The facts alleged in the complaint as the first cause of action are repeated in substance as a second cause of action and declare

"that solely because of the defendant's gross negligence in failing to guard said shaft and defendant's utter disregard of the safety of children in said premises the plaintiff became entangled with and wound around said shaft and was severely and permanently injured."

The defendant demurred to the first alleged cause of action and to the second alleged cause of action on the ground that it appears on the face of the complaint that they do not state facts sufficient to constitute a cause of action.   He also demurred to the complaint on the ground that the several causes of action had been improperly united.

The circuit court sustained the demurrer to each of the alleged causes of action, and gave the plaintiff twenty days in which to serve an amended complaint.   The plaintiff appeals from this order.

For the appellant there was a brief by *Martin, Martin & Martin,* and oral argument by *Gerald T. Clifford,* all of Green Bay.

*Herman Leicht* of Medford, for the respondent.

SIEBECKER, J.   It is evident from an inspection of the allegations of the complaint that the second alleged cause of action is a repetition of the facts alleged in the first cause of action charging that the defendant was guilty of ordinary negligence toward the plaintiff in the respect stated and that it proximately caused the plaintiff's injuries, with the additional allegation "that solely because of the defendant's gross negligence in failing to guard said shaft and defendant's utter disregard of the safety of children in said premises" the plaintiff was injured.   This allegation adds nothing by way of fact to the charge in the first alleged cause of action.   If the facts alleged do not constitute gross negli-

gence as defined in the adjudications of this court, then the allegation characterizing them as "gross negligence" cannot make it so.  *Rideout v. Winnebago T. Co.* 123 Wis. 297, 101 N. W. 672.  The essential character of "gross negligence" is clearly set forth in the following:

"It is obvious that no degree of mere carelessness or inadvertence, however remote from the care customarily used either by the ordinarily careful man or by the exceptionally careless one, constitutes gross negligence."  The latter suggests necessarily "intent, either actual or constructive, to cause injury," or conduct evincing "a total disregard for the safety of persons or property."  *Watermolen v. Fox River E. R. & P. Co.* 110 Wis. 153, 85 N. W. 663.

It is manifest that the facts pleaded do not permit of an interpretation to the effect that the defendant was guilty of an actual or constructive intent to cause another injury in the respects charged in the complaint, and hence the complaint does not state a cause of action for "gross negligence" as claimed by the plaintiff, and the demurrer to the second cause of action was properly sustained.

The question is, Did the court err in holding that the complaint does not state a cause of action for ordinary negligence?  The allegations of the complaint above set forth charge that the defendant knew that children of tender age living in the immediate vicinity of his lumber mill were in the habit of playing in the open spaces underneath the ground floor of the mill in close proximity to a rapidly revolving shaft, which under the alleged facts and circumstances was inherently dangerous to children of tender age.  These allegations must be liberally construed in passing on the issues presented by the demurrer.  We cannot anticipate whether or not the evidence upon a trial of the case will sustain the complaint in all its intendments.  But the pleading on its face alleges sufficient facts to charge the defendant with negligence towards the plaintiff as a boy of tender years, in that it charges that he played upon the premises of the defendant

with the permission of the defendant and that the rapidly re-volving shaft in the alleged location and unprotected condi-tion was inherently dangerous to children of tender years. Under these circumstances the defendant was bound to antici-pate that an injury might result to some child by coming in contact therewith. This brings the alleged cause of action within the law of the case of *Meyer v. Menominee & M. L. & T. Co.* 151 Wis. 279, 138 N. W. 1008, and *Brinilson v. C. & N. W. R. Co.* 144 Wis. 614, 129 N. W. 664. The court erred in sustaining a demurrer to the first alleged cause of action.

*By the Court.*—The order appealed from is affirmed as to the second alleged cause of action and is reversed in all other respects, and the cause is remanded with direction to enter an order as indicated in the opinion.