O'BRIEN, Respondent, vs. FRED KRONER HARDWARE
COMPANY, Appellant.

*June 1—November 15, 1921.*

*Explosives: Child taking unguarded dynamite caps: Negligence:
Death: Criminal intent of children: Presumption: Degree of
proof: Municipal ordinances: How pleaded: Judicial notice.*

1. A city ordinance is not properly pleaded where the portions of
   the ordinance recited in a complaint show that a section of
   such ordinance not set forth is necessary to be known to de-
   termine the acts forbidden; and the court cannot take judicial
   notice of the ordinance.
2. Under the common law, in this respect still unchanged in Wis-
   consin, a child under the age of fourteen is entitled to the
   presumption that there is a want of sufficient understanding
   or mental capacity to form a criminal intent. In a criminal
   case this presumption must be overcome by evidence which
   satisfies beyond a reasonable doubt, but in a civil action a
   clear and satisfactory preponderance of the evidence suffices.
3. A complaint by a widowed mother which is construed on appeal
   to allege that her thirteen-year-old boy, without felonious in-
   tent, took dynamite caps stored by the defendant outside of
   its building but on its premises and adjacent to a public alley
   in which, to defendant's knowledge, children were accustomed
   to play, and that the boy took the caps on a visit to a neighbor-
   ing state, where as a result of an explosion while playing with
   the caps he was killed, states a cause of action.

APPEAL from an order of the circuit court for La Crosse
county: E. C. HIGBEE, Circuit Judge. *Affirmed.*

The substance of the lengthy complaint is as follows:

Plaintiff is the mother of a boy, Adena Hopkins, who was
killed October 22, 1919, then of the age of thirteen; that
the father of the boy was dead and the mother would have
been entitled to the earnings of the infant until his majority
and had reason to expect assistance from him if he had lived
until that period.

That the defendant, a Wisconsin corporation, is a whole-
sale and retail dealer in hardware and also deals in dynamite
exploders or fulminate caps, which are articles liable to ex-

plode if picked with a pin or knife. That the defendant owned a building in La Crosse extending about 100 feet across a lot of about 150 feet; that the fifty feet in the rear of said building extended to the public alley, and that such place and the adjoining place in the rear of said building and of the other buildings in said alley had been, to the knowledge of the defendant, used by children in that vicinity for playing games.

That defendant's building was used by it for storage purposes on both the first and second floor, and that the building had been allowed to become out of repair, with the rear door thereof, opening onto said vacant places, left open and unlocked, and the panes of glass alongside such door were broken; that there was a stairway in the rear of the building from the first to the second floor, with a door on the second floor also left unlocked, and that the windows on the second floor had been broken for a long time. That prior to October 17, 1919,

"the defendant carelessly and negligently and in violation of the law and statutes of the state of Wisconsin in such case made and provided and the ordinances of the city of La Crosse, and especially section No. 4 of ordinance No. 37 of the city of La Crosse, *left on the ground near the door in the rear of the first floor of said building,* wholly exposed and accessible to children of tender years, refuse and empty boxes, among which was a wooden box, which said box contained tin boxes containing dynamite exploders or caps, the property of said defendant; that said exploders or caps are about one and one-half inches long and about the size of a percussion cap, and that said tin boxes containing said caps or exploders were covered and surrounded with sawdust."

"That said section 4 of ordinance No. 37 is as follows: *'Powder magazines to be approved by council*—Section 4. All gunpowder and other explosive materials of the kind hereinbefore mentioned except as provided in section 3 of this ordinance, brought within the corporate limits of this city for sale or other purposes, shall be deposited and kept in such powder magazine or magazines as may from time to time be approved of and designated for that purpose by the

common council; and no person shall keep or have or suffer to be kept or had in any building or place by him or her owned or occupied in this city, except in the said powder magazine or magazines, any greater quantity of gunpowder or other explosive materials than is mentioned in the third section hereof for any longer period than twelve hours. Any person violating any provision of this section shall, upon conviction thereof, be punished by fines of not less than ten dollars, nor more than one hundred dollars.' "

(Section 3 mentioned in the foregoing section 4 of the said ordinance is not quoted or otherwise mentioned.)

That on said October 17, 1919, the boy Adena with a number of other boys was attracted to the defendant's old and dilapidated building and the refuse in boxes lying near the door.

"That by reason of the carelessness and negligence of defendant in allowing said building to become out of repair, and the carelessness and negligence of the defendant in leaving said refuse and empty boxes and said box of exploders and caps hereinbefore mentioned open and exposed, the said Adena Hopkins discovered said box of caps and exploders, and then and there reached his hand into said wooden box and obtained two of the tin boxes containing said caps and exploders and carried them to his home in the city of La Crosse. . . . That the said Adena Hopkins was then of the age of thirteen years, and had no experience whatever with exploders or caps, and had no knowledge or information of the dangerous composition of said caps or exploders or their use or the great peril and danger incurred in handling the same, nor was there anything in the construction or appearance of said caps and exploders to cause a child of the age of the said Adena Hopkins to believe that there was danger in handling the same."

That on October 21, 1919, the said Adena took the box with the caps and exploders to his grandmother's home in McGregor, Iowa.

That on October 22, 1919, at said home in McGregor, Adena, in total ignorance of the danger and peril of handling said caps and exploders, and on account of his youth and in-

O'Brien v. Fred Kroner Hardware Co. 175 Wis. 238.

experience and want of judgment, attempted to pick out the fulminate composition in said caps with a hat-pin, and while so engaged the caps and exploders exploded and as a result the said boy was killed.

"That the injuries hereinafter described were received by the said Adena Hopkins without any fault on his part; that the said Adena Hopkins was then and there totally ignorant of the danger of said caps exploding, and that said injuries were due wholly to the carelessness and negligence of the defendant in leaving said box containing said caps and exploders in said open and exposed place hereinbefore described so that the said Adena Hopkins and other children playing in said vicinity as hereinbefore alleged had access to them and through childish curiosity were attracted to said box and caps by reason of their attractive appearance. That said Adena Hopkins was of immature judgment, discretion, and experience and was not aware that he was committing a wrong or an offense in taking said boxes of exploders or caps, at the time set forth herein."

The defendant demurred on the ground that the complaint on its face did not state facts sufficient to constitute a cause of action. From the order overruling such demurrer defendant has appealed.

For the appellant there was a brief by *George H. Gordon, Law & Gordon* of La Crosse, and oral argument by *George H. Gordon.*

*F. E. Withrow* of La Crosse, for the respondent.

ESCHWEILER, J. It is to be gathered from the complaint that the pleader intends to charge that defendant's negligence, if any, arises from leaving exposed on the ground near the door of defendant's warehouse, either just within or just without the building, certain dynamite exploders or caps which were in tin containers, the containers being packed in sawdust in a wooden box; that such box was wholly exposed and accessible to children of tender years; and that such acts were "in violation of the law and statutes of the state of Wisconsin in such case made and provided

and the ordinances of the city of La Crosse, and especially section No. 4 of ordinance No. 37 of the city of La Crosse."

No statute of the state is called to our attention, nor can we find any, which could be considered as having been violated by the defendant under the facts recited. There is nothing in secs. 4393a—1 to 4393a—7, Stats., inclusive, regulating the manufacture and storage of gunpowder or blasting powder; or in sec. 4398a, prohibiting the sale or transportation of explosives for unlawful purposes, or in sec. 4398f, as to the storage or keeping of fireworks or fire-crackers containing dynamite or other high explosives, that can be deemed in any way applicable to the present situation.

It is also evident that the ordinance of the city of La Crosse upon which plaintiff appears to rely is not sufficiently or well pleaded. The portion recited in the complaint and quoted *supra* shows on its face that sec. 3 of such ordinance is necessary to be known or shown in determining what is or what is not forbidden by the ordinance. For default of proper pleading thereof the court cannot take judicial notice of such ordinance. *State ex rel. Leiser v. Koch,* 138 Wis. 27, 29, 119 N. W. 839; Jones, Evidence (2d ed.) § 116.

In order to sustain the complaint, therefore, as stating a cause of action against the defendant, it must appear therefrom that there was a breach by defendant of some common-law duty or obligation resting upon it towards the unfortunate boy whose distressing and untimely death is the reason for the bringing of this action.

It is extremely difficult from the language of the complaint to ascertain whether the pleader intended to allege that the wooden box holding the tin containers with the explosives was placed inside or outside of defendant's storage or warehouse building. The complaint as a whole, with its minute description of the condition of the building not only on the first but on the second floor, with the door in the rear left open and the windows on both floors broken, would strongly indicate that the pleader intended to charge negligence in

leaving such dangerous articles within such a dilapidated building open and accessible to children playing in the alley or the adjacent open space in the rear of such building, for it is evident that were they stored outside and in the vacant space of fifty feet in the rear and adjoining the alley, then the condition of the building itself would be entirely immaterial. In the memorandum filed by the trial court in disposing of the demurrer he does not state his conclusion on such question, merely stating that the negligence consists in leaving the articles on the premises of the defendant, which statement of course would be equally correct if it referred to the storage on defendant's lot and either within or without the building. The appellant construes the complaint to allege that the box was stored within; the respondent, that the box was placed outside of the building.

Under the liberal rule that has been adopted and is being followed by this court in the construction of pleadings (*Herrem v. Konz,* 165 Wis. 574, 162 N. W. 654), we shall assume for the present disposition of this case that it was intended by the pleader to charge that the wooden box in question in which were stored the dynamite exploders was outside of the walls of such warehouse and on the ground in the rear of the building but upon the fifty feet of vacant lot between the adjacent alley and the rear of such building. Any question, therefore, as to what might be defendant's obligations or liabilities if, as a matter of fact, the box with the exploders was stored inside the four walls of defendant's building, is not passed upon on this appeal and we shall not express any opinion thereon.

The thirteen-year-old boy, Adena, being under the age of fourteen, was within the period of life during which the common law, still unchanged in this state, has declared he·is entitled to the presumption that there is a want of sufficient understanding or mental capacity to form a criminal intent—the necessary and essential element which must be found to exist before a conviction can be properly had of

one prosecuted for a breach of the penal statutes as to such offenses as larceny. Up to the age of seven years the presumption is conclusive; from then on it is a diminishing one until it disappears at the age of fourteen. During the period between seven and fourteen, "the dubious stage of discretion" (4 Bl. Comm. 223), it is rebuttable, and the state must overcome it in criminal prosecutions by evidence which satisfies beyond a reasonable doubt, the test being not only whether the child so charged appreciates the moral difference between right and wrong, but also that the act in question in any particular case is a violation of the law. 22 Cyc. 623; 14 Ruling Case Law, p. 264; *Comm. v. Mead,* 10 Allen (92 Mass.) 398; *Allen v. U. S.* 150 U. S. 551, 558, 14 Sup. Ct. 196; *State v. Yeargan,* 117 N. C. 706, 23 S. E. 153, 36 L. R. A. 196.

The same presumption exists as to wilful trespass. *Folsom-Morris C. M. Co. v. De Vork,* 61 Okla. 75, 160 Pac. 64, L. R. A. 1917A, 1290.

In such a civil action as this, undoubtedly, the rule would be that the presumption here indulged in need not be overcome, as in criminal prosecutions, beyond a reasonable doubt, but only by the lower degree of proof, that is, such as will overcome the weight of the presumption by a clear and satisfactory preponderance of the evidence, but more, of course, than the mere fair preponderance—the requirement as to the usual issues of fact in civil cases. *Poertner v. Poertner,* 66 Wis. 644, 647, 29 N. W. 386; *Peterson v. Lemke,* 159 Wis. 353, 355, 150 N. W. 481; *Murphy v. Estate of Skinner,* 160 Wis. 554, 563, 152 N. W. 172; Jones, Evidence (2d ed.) § 195.

It must therefore be assumed in the present disposition of this case that there was no criminal intent on the part of the boy Adena of violating any penal statute in removing the tin containers from the wooden box. This therefore makes it unnecessary to determine what are the liabilities or obligations of one situated as was the defendant here towards

another who is subsequently injured after feloniously taking the personal property of such a defendant, and on such a question we express no opinion here.

Assuming, therefore, the absence of any felonious taking by the boy, that the wooden box of containers and exploders was stored by defendant, knowing their dangerous nature, outside of the building and in an open space upon defendant's own premises but adjacent to a public alley, in which space and alley, to defendant's knowledge, children were accustomed to gather and play, and further that these articles were so taken by the boy in a spirit of play and as a plaything, and that such exposure of such dangerous articles was the proximate cause of the distressing death which followed, we hold that the complaint sufficiently states a cause of action, and that the ruling of the trial court to that effect was proper and must be upheld under such decisions as *Herrem v. Konz*, 165 Wis. 574, 162 N. W. 654, and cases there cited.

A number of decisions from other jurisdictions have been examined on this question of the liability of one who stores or exposes such explosive substances at a place accessible to and frequented by children. Many will be found in a note to *Folsom-Morris C. M. Co. v. De Vork*, 61 Okla. 75, 160 Pac. 64, as given in L. R. A. 1917A, 1295.

In the last cited case a defendant was held liable for a resulting injury from lighting a train of powder which had been scattered by children from cans containing small amounts of powder and left upon defendant's premises where the accident occurred.

In *Perry v. Rochester L. Co.* 219 N. Y. 60, 113 N. E. 529, L. R. A. 1917B, 1058, it was held there was no liability by one who, in violation of an ordinance, stored a chest containing nitroglycerine caps on public lands in a city where two boys, thirteen and twelve years old respectively, took some of the caps away from that place and, hiding them for the night, used them the following day with a resulting explosion causing the death of a third child; but, as was there

indicated, the evidence showed that the original taking away was for profit and not for play and was in the nature of a theft; that the remoteness of time and space was an important element in the court's holding that such result was not within the field of reasonable anticipation, and therefore the storage was not the proximate cause of the injury within the meaning of the law.

That case approves of the rule given in two Massachusetts cases: *Horan v. Watertown,* 217 Mass. 185, 104 N. E. 464, holding a town not liable for personal injuries caused by the explosion of dynamite by boys who had taken it from a tool chest which the employees of the town had left unwatched and unguarded on the highway, the ruling being based upon the ground that the defendant was not bound to anticipate the theft of such article and its subsequent use in play; and *Jacobs v. N. Y., N. H. & H. R. Co.* 212 Mass. 96, 98 N. E. 688, where the injury occurred by the explosion of a signal torpedo ten days after it had been carried away by the intestate's companions, again on the ground that such was not within the field of reasonable anticipation. Also *Afflick v. Bates,* 21 R. I. 281, 43 Atl. 539, which held that there was no liability on the part of the city where explosive caps were kept in a large tool chest on a vacant lot, some of the caps being found on the ground by two boys nine and eleven years old and taken by them and given to another boy aged fourteen, who in playing with them injured the infant plaintiff, the ruling being based either on the ground that the city was not bound to guard against the mischievous and unlawful acts of the persons who originally removed the caps, or that the carelessness of the boy in exploding them was an intervening cause.

*Hall v. N. Y. Tel. Co.* 214 N. Y. 49, 108 N. E. 182, holds that no liability could be maintained against defendant whose servants used denatured alcohol, a poison, and left a bottle of such fluid standing by the roadside, where the plaintiff, aged nine, and the brother, seven years of age, took the

bottle home, poured some of the contents on the grass and the younger brother set fire to it and the plaintiff was burned, because the facts did not show a condition within the field of reasonable anticipation.

There are cases in which the defendant was held not liable because there was some substantial interval of time and space intervening the taking away of the dangerous explosive and the explosion itself, such as *Carpenter v. Miller & Son,* 232 Pa. St. 362, 81 Atl. 439, 36 L. R. A. N. s. 932; *Bennett v. Odell Mfg. Co.* 76 N. H. 180, 8 Atl. 642.

Other cases again sustain the view that liability arises even where considerable time has elapsed. *Barnett v. Cliffside Mills,* 167 N. C. 576, 83 S. E. 826; *Mathis v. Granger B. & T. Co.* 85 Wash. 634, 149 Pac. 3; *Mills v. Central of Georgia R. Co.* 140 Ga. 181, 78 S. E. 816. In this latter case the injury was caused to a boy eight years old by the exploding of a track torpedo picked up by a fifteen-year-old brother not knowing of the incident danger. *Juntti v. Oliver I. M. Co.* 119 Minn. 518, 138 N. W. 673, 42 L. R. A. N. s. 840, where a defendant left unguarded on its premises near a public street a dangerous substance knowing that children were in the habit of using such substance by pouring water on it, and where a five-year-old child so finding and using it was injured. *Eckart v. Kiel,* 123 Minn. 114, 143 N. W. 122, where a defendant was held liable for leaving dynamite caps in his granary in his barn which he then sold, and sometime thereafter the buyer's son found the same and was injured by the explosion.

In the case at bar we have both remoteness of time and space from the place where the explosive was found and the place where the injury occurred. That, as a fact, may be of considerable weight in the final determination of this case by jury or court as to whether the unfortunate result here was within or without the field of reasonable anticipation; but we are not prepared to now hold upon the complaint and as a conclusion of law that it was without such field. On the

other hand, there was here no intervening act by another human agency than the boy himself, such as is held in some of the above cited cases to be such an interrupting cause as breaks the chain of causal connection between the alleged negligence and the result for which a liability is claimed.

The demurrer to the complaint as we now construe it was therefore properly overruled.

*By the Court.*—Order affirmed.

ROSENBERRY, J., dissents.