KOWALKE, by guardian *ad litem,* Appellant, vs. SCHINDLER, Respondent.

*October 14—November 8, 1927.*

*Explosives: Storing dynamite caps in vacant lot: Liability of lot-owner to child finding caps and injuring himself.*

1. Where a lotowner, using dynamite in excavating for a basement, stored on the rear of the lot detonating caps in a stove intended to be used for heating purposes by his employees, and covered the stove with lumber, there was no violation of any statute forbidding his acts. p. 177.
2. Under such circumstances a city ordinance prohibiting the discharging of firearms or the exploding or setting off of explosive materials within the city limits without permission is inapplicable. p. 177.
3. The lotowner, not knowing that children were frequenters of his lot, owed no other duty to a boy who took the dynamite caps out of the stove than to refrain from wilful or intentional injury. p. 179.
4. Work having been suspended by inclement and rainy weather resulting in a pool of water forming in the lot, unknown persons, presumably boys at play, used some of the lumber to construct a raft, which, without the knowledge of the lotowner, was permitted to remain in the pool. Plaintiff and his brother were attracted to the raft, played some time on it, and then, seeing the stove overturned, the plaintiff took out the dynamite caps, and subsequently, while picking at one with a pin, was injured. *Held,* that under the general doctrines of liability in tort a recovery against the lotowner would not be permitted. p. 179.

APPEAL from a judgment of the municipal court of Outagamie county: THEODORE BERG, Judge. *Affirmed.*

Action for personal injury.

Defendant owned seven lots of land within the city limits of Appleton. Lot 7 had a fifty-foot south front on Rogers street. The other lots fronted to the west. The nearest house was some 250 feet away. About April 1, 1923, intending to build on lot 7, defendant had placed on the rear of the lot a truck load of lumber, also a cast-iron

upright circular stove to be used for heating purposes by the employees. On April 10th he started excavating for a basement some thirty feet back on the lot, using dynamite for that purpose. On Saturday, April 14th, the supply of dynamite was exhausted, but he still had some twenty to thirty dynamite caps that were used for discharging the dynamite. These caps with some nails and screws were then inclosed in a tin can wrapped in paper and placed inside the stove, which was standing near the pile of lumber. The stove was then covered on top and sides with lumber and so left, defendant intending to continue work on Monday. There was a very heavy rain and snow fall during the next two or more days. As a result, a pool of water formed a short distance from the pile of lumber and to the rear of the excavation and covered a space of some thirty to fifty square feet.

On this pond some persons other than the plaintiff and his associates, and without the knowledge of the defendant, had taken some of the lumber covering the stove and built a small raft left there floating. On Wednesday the 18th, no work having been done by defendant in the meantime, the plaintiff, then eight, his brother twelve, and another boy ten years of age, on an errand to the adjacent corner, saw the pond with the floating raft and proceeded there. After playing on the raft the boys noticed the stove upset on the ground with the top open. From it the plaintiff took the can, opened it, and took the caps to his home. In the evening the boy's father took the caps away and placed them on a shelf in a shed adjoining the house. On the next morning the boy took one of the caps, and while at school picked at it with a pin and it exploded, taking off his thumb and two fingers of his right hand. On the trial the court directed judgment in favor of the defendant.

From the judgment thereon plaintiff appeals.

For the appellant the cause was submitted on the brief of *C. E. Behnke* and *C. G. Cannon,* both of Appleton.

For the respondent there was a brief by *Ryan & Cary* of Appleton, and oral argument by *T. H. Ryan.*

ESCHWEILER, J.   No claim was made in the complaint, on the trial, or is here that there was any gross or wanton negligence by defendant responsible for plaintiff's injury. The complaint relied upon the alleged negligence of allowing and permitting the dynamite caps to be in and about said stove and subject to be discovered by children accustomed to play upon said premises.

We can find no legal basis upon which responsibility for this unfortunate accident can be placed upon defendant, and the trial court was right in so determining.

The plaintiff and his two companions were attracted to go upon defendant's premises because of the pool of water with the raft, and for such condition the defendant is in no wise to be held responsible, for he had no knowledge of the existence of such pool or of the raft thereon until after the plaintiff had been there.

In so securely storing the caps within the stove there was no violation by defendant of any statute or ordinance forbidding, under penalty, such an act, with the possible consequent *prima facie* presumption of negligence.

An attempt was made to come within such a theory by asking to have received as part of the plaintiff's case, although not set forth in the complaint, or by any offer to amend, an ordinance claimed to be in force in the city of Appleton at the time, providing in effect that no person shall fire or discharge any firearm or explode or set off any explosive materials within the city limits without permission, and a violation whereof subjects the party to a fine of not more than ten dollars or not more than ten days' imprisonment in the county jail.

Whatever might be the possible effect of such an ordinance were it conceded to be valid and within the power of the common council to enact, there was clearly here no permis-

sible application of it under the facts in this case.    It was limited by its very terms to the *use* of explosives as distinguished from their *storage,* such storage being the act upon which defendant's negligence was attempted to be predicated.

We can find no statute which prohibits that which was done by the defendant in this case.    It comes within none of the numerous provisions in ch. 167 as to the safeguards of persons and property, such for instance as secs. 167.01, 167.02, 167.03, and 167.04, Stats., prohibiting the manufacture of powder within corporate limits; the storage of explosives within a mile of a powder factory; the storage of powder by manufacturers, or within a specified distance from a dwelling.    Sec. 167.07 in the same chapter elaborately and specifically regulates the subject of the storing and distribution of matches, a seemingly far more dangerous possibility, but no prohibitive or regulatory provisions can be found for such dynamite caps.    In none of the criminal statutes as to the discharge, transportation, making or selling of dynamite or other explosives, or of fireworks or firecrackers containing dynamite or other explosives, and covered by such sections as 340.62, 340.64, 340.73, and 340.78, Stats., or in sec. 343.131, as to the possession of tools or explosives used or intended to be used to aid in burglary, can there be construed any legislative declaration that that which the defendant did here was intended to be forbidden, or subjected to specific regulation.

Much reliance is placed by plaintiff upon the case of *O'Brien v. Fred Kroner H. Co.* 175 Wis. 238, 185 N. W. 205, where a complaint was held to state a cause of action on behalf of a thirteen-year-old boy injured by the explosion of a dynamite cap claimed to have been placed by defendant in a public alley adjacent to its premises and known by it to be used by children for play.    The situation here is so manifestly different that it cannot support the plaintiff's contention.    Here the article was lawfully stored by defendant

on his own premises, and there is no proof that he knew that children were frequenters of such property, and he owed no other duty to the plaintiff under the facts of this case than to refrain from wilful or intentional injury. *Routt v. Look,* 180 Wis. 1, 18, 191 N. W. 557; *Borgnis v. California Oregon P. Co.* (Cal. App.) 258 Pac. 394; *Branan v. Wimsatt,* 298 Fed. 835, 36 A. L. R. 14; *Martino v. Rotondi,* 91 W. Va. 482, 113 S. E. 760, 36 A. L. R. 6; *Fitzpatrick v. Rose Donahue R. Co.* 151 Minn. 128, 186 N. W. 141, 36 A. L. R. 20.

That liability may be incurred by one negligently leaving an explosive on the highway so as to be accessible to persons lawfully there, or where left in a place where children are known to play, is dwelt upon in such recent cases as *Eves v. Littig Const. Co.* 202 Iowa, 1338, 212 N. W. 154; *Sedita v. Steinberg,* 105 Conn. 1, 134 Atl. 243, 49 A. L. R. 154, with note at p. 160; *Depew v. Kilgore,* 117 Okla. 263, 246 Pac. 606. See, also, note in 43 A. L. R. 434.

But no case is cited and we find none which supports plaintiff's contention, nor do we feel that the logic of the opinions or of the general doctrines of liability in tort permit a recovery against the defendant in this case.

*By the Court.*—Judgment affirmed.